PEOPLE v DIMITRIS

Docket No. 51417. Submitted May 11, 1981, at Lansing.—Decided October 23, 1981.

Harold G. Dimitris was convicted of first-degree criminal sexual conduct, Van Buren Circuit Court, Meyer Warshawsky, J. Defendant appeals, alleging that the trial court erred in allowing the prosecutor to question the defendant about prior convictions, evidence of which was otherwise inadmissible, after defendant had raised a defense of insanity but before defendant's expert psychiatric witness had testified, and that the trial court's jury instruction regarding the requirements for a finding of first-degree criminal sexual conduct was erroneous. *Held:*

1. The testimony regarding the prior convictions was erroneously allowed. The evidence of the convictions was inadmissible as evidence of the defendant's guilt. It would have been admissible relative to the issue of defendant's sanity before the defendant had taken the stand if the fact of the prior convictions had been used in cross-examination of the defendant's expert psychiatric witness. In this case the questions were an impermissible attempt to impeach the defendant's credibility.

2. The trial court properly instructed the jury that in the case of a charge of fellatio a certain type of sexual contact, rather than penetration, is sufficient to support a conviction of first-degree criminal sexual conduct.

Reversed.

1. CRIMINAL LAW — INSANITY — EVIDENCE — PRIOR CONDUCT.

Evidence of a defendant's prior arrests, convictions and other antisocial conduct becomes material to the determination of the defendant's sanity once it is shown that such evidence is relevant to the formation of the opinion of the defendant's expert psychiatric witness; however, where a prosecutor elicits

[1] 29 Am Jur 2d, Evidence §§ 353, 354.
    30 Am Jur 2d, Evidence § 1161.
[2] 70 Am Jur 2d, Sodomy § 6.
    75 Am Jur 2d, Trial § 420.

such evidence from a defendant who testifies prior to the defendant's expert witness the questions are not an attempt to rebut the diagnosis of the defendant's witness but an improper attempt to impeach the defendant's credibility (MRE 609).

2. CRIMINAL LAW — FIRST-DEGREE CRIMINAL SEXUAL CONDUCT — JURY INSTRUCTIONS.

  Fellatio is included in the statutory definition of penetration and under certain enumerated circumstances constitutes first-degree criminal sexual conduct not because of physical penetration but because the act is as offensive to a victim and to society as is forcible penetration; therefore, a finding of actual penetration is not required and a jury instruction which allowed a finding of "contact between the mouth of one party and the sex organ" of another to constitute first-degree criminal sexual contact was not erroneous (MCL 750.520a[h]; MSA 28.788[1][h], CJI 20:2:02).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ward S. Hamlin, Jr.,* Prosecuting Attorney, and *Mary C. Smith,* Assistant Attorney General, for the people.

*Terrence R. Flanagan,* Assistant State Appellate Defender, for defendant on appeal.

Before: R. M. MAHER, P.J., and ALLEN and CYNAR, JJ.

PER CURIAM. On December 19, 1979, defendant, Harold Groff Dimitris (also known as Billy Lee Jack), was convicted of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), by a Van Buren County Circuit Court jury. On February 20, 1980, defendant was sentenced to a prison term of from 11 to 35 years with credit for 520 days already served. Defendant appeals as of right.

The first issue raised by defendant is whether the trial court committed reversible error when it ruled that defendant could be questioned about otherwise inadmissible evidence of prior convic-

tions once he raised the defense of insanity, even though defendant's expert witness had not yet testified.

After filing a notice of intent to claim the defense of insanity, defense counsel moved to prevent cross-examination of defendant with evidence of his prior convictions. Relying on *People v Musser,* 53 Mich App 683; 219 NW2d 781 (1974), the trial court held that evidence of certain of defendant's prior convictions was admissible for determining the question of sanity once that defense was raised by defendant.

On direct examination, defense counsel elicited from defendant that he was arrested and convicted of the four prior offenses, evidence of which the trial court had ruled admissible. After this first reference to defendant's prior convictions, the trial court gave a cautionary charge to the jurors, informing them that evidence of defendant's past arrests and convictions was admissible only for purposes of determining the question of sanity and could not be considered as evidence of defendant's guilt. On cross-examination, the prosecutor also asked defendant about the same convictions:

"*Q.* Now, in 1952, it is correct, is it not, that you were arrested and charged and convicted of delinquency, threat with a knife?

"*A.* Yes.

"*Q.* And in 1953 you were arrested and convicted of escape from Glenn Mills Reform School?

"*A.* Yes.

"*Q.* And in 1966 it is correct, is it not, that you were arrested and convicted of a larceny charge?

"*A.* Yes.

"*Q.* And in 1970 you were arrested and convicted of a charge of robbery by threat?

"*A.* Yes."

Had defendant not taken the stand, but merely called a psychiatrist to testify about his sanity, it would have been permissible for the prosecutor to cross-examine the psychiatrist about defendant's prior convictions, including those involving juvenile delinquency. This rule is set out in *People v Woody,* 380 Mich 332, 338; 157 NW2d 201 (1968). See also *Musser, supra.*

However, the question presented in the instant case is different from that presented in *Woody* and *Musser.* Here, evidence of defendant's prior convictions was not admitted during the testimony of defendant's expert witness, but during defendant's testimony. Thus, this case is factually similar to *People v Morris,* 92 Mich App 747; 285 NW2d 446 (1979).

In *Morris,* defendant raised the insanity defense. Before her psychiatric expert was called to the stand, defendant testified. The prosecutor, in order to rebut the insanity defense, asked the defendant if it was true that she had been arrested three times for shoplifting. *Id.,* 751. Defense counsel immediately raised an objection, which was sustained. Concluding that it was error to ask defendant about her prior arrests, the *Morris* Court stated at 752:

"The prosecutor argued that *People v Woody,* 380 Mich 332, 335-339; 157 NW2d 201 (1968), allowed him to pose this question for the purpose of determining sanity after defendant had raised her insanity defense. *Woody and subsequent cases in this Court which address that issue are clearly distinguishable from the present case on the basis that the prosecutors were permitted to rebut insanity defenses by such evidence only after the defendants' expert psychiatric witnesses had testified.* The improper question in the present case was tendered before defendant's expert witness testified and was also directed to the defendant. The rationale

behind the holding in the *Woody* case is that evidence of a defendant's prior arrests, convictions and other antisocial conduct becomes material to the determination of a defendant's sanity once it is shown that such evidence is relevant to the formation of the expert witness's opinion. *People v Hammack,* 63 Mich App 87, 93; 234 NW2d 415 (1975). Furthermore, the holding announced in *Woody* was stated to be controlled by a prior Supreme Court ruling that, 'in general * * * as to a defendant who does not testify in his own behalf, evidence of former convictions or offenses is not admissible except in cases wherein such evidence is material and relevant to the issue being tried'. *Woody, supra,* 339." (Emphasis added.)

We agree with the rationale of *Morris.* Application of *Morris* to the instant case requires a finding that it was error to allow evidence of defendant's prior convictions to come in during defendant's testimony. Here, as in *Morris,* the prosecutor's questions could not be seen as an attempt to rebut the diagnosis of defendant's expert witness, who had not yet taken the stand. Rather, the questions must be viewed as an attempt to impeach defendant's credibility. This was improper and requires reversal. *Morris, supra,* MRE 609.

Since it is likely to be an issue at a new trial, we also address the question of whether the trial court committed error in instructing the jury as to what is required to find defendant guilty of first-degree criminal sexual conduct.

Defendant argues that the following instructions to the jury were erroneous:

"First, that the defendant engaged in a sexual act which involved some actual entry into the genital or anal openings of the complainant's body. It is alleged in this case that the sexual act was committed by a penetration of the complainant's body by the defendant's penis. Such entry into the anal or genital open-

ings is enough. It is not necessary that there be a completed sexual act or emission of semen. Or, it must be proven beyond a reasonable doubt that the defendant engaged in an oral sexual act with the complainant. *That is, that the act involved contact between the mouth of one party and the sex organ of the other.*

\* \* \*

"It is alleged in this case that the sexual act was committed by *contact* of the mouth of the complainant with the penis of the defendant." (Emphasis added.)

The complained of jury instructions deal with fellatio and follow the instructions recommended in CJI 20:2:02. Defendant claims that in order to be convicted of first-degree criminal sexual conduct there must be a finding of penetration (*i.e.,* an intrusion), not just contact as was stated in the instructions.

In *People v Sommerville,* 100 Mich App 470; 299 NW2d 387 (1980), the defendant challenged the trial court's failure to instruct the jury that cunnilingus requires penetration of the victim's vagina with the assailant's mouth. The complained of instructions merely required proof of *contact,* rather than *penetration.* In rejecting defendant's arguments, this Court interpreted the applicable statutes and stated:

"MCL 750.520b(1); MSA 28.788(2)(1) defines first-degree criminal sexual conduct as sexual penetration with another person under certain enumerated circumstances. MCL 750.520a(h); MSA 28.788(1)(h) defines sexual penetration as follows:

" ' "Sexual penetration" means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required.'

"Defendant argues that the wording of the foregoing statute requires an intrusion as a means of distinguishing sexual penetration from sexual contact. We disagree.

"Cunnilingus is nowhere defined to require an intrusion. Indeed, such an action would be physically most difficult. The same is true of fellatio, if forcibly performed by a male actor upon a male victim. See, *e.g.,* *People v Hollis,* 96 Mich App 333; 292 NW2d 538 (1980). Thus, it is not the intrusion or penetration which elevates cunnilingus to first-degree criminal sexual conduct. Rather, it is quite reasonable to interpret the inclusion of both oral sexual acts in the definition of sexual penetration as based on the belief that each is as offensive to the victim and to society as is forcible penetration. *Cf. People v Payne,* 90 Mich App 713, 722; 282 NW2d 456 (1979), where another panel of this Court seems to have concluded that penetration is required of first-degree criminal sexual acts involving oral sexual assaults. Thus, CJI 20:2:02, which defines oral sexual acts as involving contact between the mouth of one party and the sex organs of another, was properly given as an instruction in the instant case." *Id.,* 480-481.

We find that the rationale of *Sommerville* applies with equal force to the offenses of cunnilingus and fellatio and that the trial court did not err in giving the complained of instructions, which followed those recommended in CJI 20:2:02.[1]

Finally, we note that during his cross-examination of defendant the prosecutor elicited from defendant that defendant had been incarcerated since his arrest on the instant charge. This ques-

[1] The statement appearing in *People v Payne,* 90 Mich App 713, 722; 282 NW2d 456 (1979), that "penetration is required of first-degree criminal sexual acts involving oral sexual assaults" is not necessarily inconsistent with our conclusion. MCL 750.520a(h); MSA 28.788(1)(h) defines sexual penetration to include "cunnilingus, fellatio". Thus, where the offense is cunnilingus or fellatio, penetration by operation of law (by statutory definition) rather than actual penetration occurs.

tion was not objected to and, when viewed in the context of defendant's testimony on direct examination, any prejudice that followed from this question was minimal at best.

Reversed.