STATE of Minnesota, Appellant,

v.

**Paul Leroy BLOM, Respondent.**

No. CX–83–862.

Supreme Court of Minnesota.

Nov. 21, 1984.

Rehearing Denied Dec. 18, 1984.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert F. Carolan, Dakota County Atty., Mark Nathan Lystig, Asst. County Atty., Hastings, for appellant.

C. Paul Jones, Public Defender, Minneapolis, for respondent.

SCOTT, Justice.

This is a pretrial appeal by the state pursuant to Minn.R.Crim.P. 29.03, subd. 1 (1983), from an order of the district court dismissing the first of two counts of a complaint charging defendant with criminal sexual conduct in the first and second degree, Minn.Stat. §§ 609.342(a) and 609.-343(a) (1982) (sexual penetration of and sexual contact with a person under 13 years of age by a person more than 36 months older). The issue raised by the appeal is whether penetration is required before an act of cunnilingus constitutes "sexual penetration," as that term is defined in section 609.341, subd. 12, and as it is used in section 609.342. We agree with the state that penetration of the vagina is not required for the act of cunnilingus to constitute "sexual penetration" under the statutes. Because the appeal is from a nonappealable order, we dismiss the appeal rather than reverse the dismissal order.

The state, however, is free to recharge the defendant under section 609.342(a).

Section 609.341, subd. 12, defines "sexual penetration" as follows:

"Sexual penetration" means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any intrusion however slight into the genital or anal openings of the complainant's body of any part of the actor's body or any object used by the actor for this purpose, where the act is committed without the complainant's consent, except in those cases where consent is not a defense. Emission of semen is not necessary.

The Minnesota criminal sexual conduct statute is modeled on the Michigan law, which was enacted the year before our statute. Mich.Comp.Laws § 750.520a(1) (Supp.1983) [Mich.Stat.Ann. § 28.788(1)(h)] defines "sexual penetration" as follows:

"Sexual penetration" means sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required.

In *People v. Sommerville*, 100 Mich.App. 470, 480–81, 299 N.W.2d 387, 391 (1980), the Michigan Court of Appeals rejected an argument that cunnilingus requires an intrusion if it is to constitute "sexual penetration" under the statute. *See also People v. Dimitris*, 115 Mich.App. 228, 234, 320 N.W.2d 226, 228 (1981), and *People v. Camon*, 110 Mich.App. 474, 487, 313 N.W.2d 322, 328 (1981), both taking a similar approach to the statute. And *see State v. Ludlum*, 303 N.C. 666, 669–72, 281 S.E.2d 159, 162–63 (1981), where the North Carolina Supreme Court held that oral penetration of the genital opening is not required to prove that a defendant who committed cunnilingus committed a "sexual act" under a statute defining "sexual act" as "cunnilingus, fellatio, analingus, or anal intercourse * * * [or] the penetration, however slight, by any object into the genital or anal opening of another person's body * * *." N.C.Gen.Stat. § 14-27.1(4).

We conclude that penetration of the vagina is not required for the act of cunnilingus to constitute "sexual penetration" under our statute. We note that the drafters of CRIMJIG 12.02 reached the same conclusion, recommending that "cunnilingus" be defined as follows: "Cunnilingus constitutes sexual penetration if there is *an* [sic] *contact* between the female genital opening of one person and the mouth, tongue, or lips of another person, however slight." (Emphasis added.)

It appears, however, that the appeal is not properly before us, because Minn.R. Crim.P. 29.03, subd. 1 (1983), provides that the state may appeal from any pretrial order "except an order dismissing a complaint for lack of probable cause to believe the defendant has committed an offense or an order dismissing a complaint pursuant to Minn.Stat. § 631.21." *See City of St. Paul v. Halvorson*, 301 Minn. 48, 221 N.W.2d 535 (1974); *City of St. Paul v. Landreville*, 301 Minn. 43, 221 N.W.2d 532 (1974). Because the appeal is from a nonappealable order, we dismiss the appeal rather than reverse the dismissal order. The state, however, is free to recharge the defendant with violating section 609.342(a).

Appeal dismissed.