STATE OF NORTH CAROLINA v. WALTER SHELTON GOODSON

No. 303A84

(Filed 2 April 1985)

1. **Rape and Allied Offenses § 1— evidence of sexual act unambiguous—sufficient**

     The State's evidence was sufficient to describe a sexual offense and to take the case to the jury where defendant forcibly and with the threatened use of a knife made his victim disrobe and perform oral sex on him. G.S. 14-27.4(a)(2); G.S. 14-21.1(4).

2. **Rape and Allied Offenses § 4— identification card with false name—relevant**

     Evidence that defendant was seen tearing and throwing into a trash basket identification cards bearing the name "David" was relevant since defendant had used that name when he approached his victim.

APPEAL by defendant pursuant to G.S. 7A-27(a) from *Griffin, J.,* at the 9 January 1984 Criminal Session of LINCOLN County Superior Court.

Defendant was indicted and tried on charges of first degree rape and first degree sexual offense. He was convicted of first degree sexual offense and judgment was entered imposing the appropriate prison sentence.

*Attorney General Thornburg, by David E. Broome, Jr., Assistant Attorney General, for the State.*

*Calvin B. Hamrick, for defendant appellant.*

VAUGHN, Justice.

[1] Defendant's first assignment of error attacks the sufficiency of the evidence. He does not argue that he did not do precisely what the State's witness testified he did. He argues instead that the testimony does not describe a sexual offense. In particular, he appears to argue that the evidence relied on to show that a sexual act took place was ambiguous and insufficient to take the case to the jury. The argument is without merit.

Among other ways, a person is guilty of a first degree sexual offense when he (1) engages in a sexual act with another by force and against the will of that person and (2) employs or displays a dangerous weapon in the process. G.S. 14-27.4(a)(2).

The evidence tends to show that defendant forcibly and with the threatened use of a knife made his victim disrobe and, in her words, perform "oral sex on him" against her will. This testimony alone was sufficient to take the case to the jury. The term "sexual act" as defined in G.S. 14-27.1(4) includes fellatio. The term "oral sex" is recognized as describing a sexual act involving "contact between the mouth of one party and the sex organs of another." *People v. Dimitris*, 115 Mich. App. 228, 234, 320 N.W. 2d 226, 228 (1981) (per curiam). When a female is said to perform oral sex on a male the term is reasonably taken to mean fellatio. *See, e.g., Johnson v. State*, 272 Ind. 547, 400 N.E. 2d 132 (1980).

Quite aside from the reasonable meaning of the term, the sexual act described by the witness in this case is perfectly clear. The evidence shows that defendant and his victim were in the front seat of a car. Defendant put his hand around the back of her head and pulled her over to him where he forced her to perform oral sex on him. He subsequently ejaculated in her mouth.

[2] In his other assignment of error defendant challenges, on relevancy grounds only, the admission of identification cards which were found in defendant's possession. All but one of the cards bore a name other than defendant's correct name. He was seen tearing all the cards (except the one that bore his real name)

and throwing them in a trash basket at the police station. Several of the cards bore the first name "David," the name defendant had used when he approached his victim. Evidence is relevant if it has any logical tendency to prove a fact in issue. 1 Brandis on North Carolina Evidence § 77 (2d rev. ed. 1982). The evidence was relevant because, among other things, it tended to show that although defendant's name is Walter Shelton Goodson, he possessed identification showing him to be someone named "David," the same name used by the perpetrator of the crime.

Neither of the arguments disclose prejudicial error.

No error.