STATE OF NORTH CAROLINA v. DARRICK WAYNE BAILEY

No. 851SC1350

(Filed 20 May 1986)

1. **Rape § 4.1— evidence of prior sexual misconduct—admission to rebut defense of consent improper**

   In a prosecution of defendant for second degree rape, second degree sexual offense, and crime against nature, the trial court erred in allowing the prosecuting attorney to cross-examine defendant about alleged prior sexual misconduct with a person other than the prosecuting witness, since cross-examination about prior acts of misconduct must be limited to conduct which bears upon or is relevant to the witness's propensity to truthfulness or untruthfulness, and since such cross-examination was clearly designed to rebut defendant's only defense of consent, but evidence of other non-consensual sexual activity would not be relevant on the question of this victim's consent. N.C.G.S. § 8C-1, Rules 608(b) and 404(b).

2. **Rape §§ 1, 7— crime against nature—second degree sexual offense—separate crimes—separate convictions proper**

   There was no merit to defendant's contention that his conviction for crime against nature was based upon the same acts for which he was convicted of second degree sexual offense.

APPEAL by defendant from *Watts, Judge.* Judgment entered 27 June 1985 in CURRITUCK County Superior Court. Heard in the Court of Appeals 6 May 1986.

Defendant was convicted of attempted second degree rape, second degree sexual offense and crime against nature. From sentences of imprisonment entered on the jury's verdicts, defendant has appealed.

At trial, Cindy Lancaster, the prosecuting witness, testified that she first met defendant on 13 November 1984 when defendant came to her residence to inquire if he might be employed to assist in re-roofing the Lancaster residence. Defendant told Ms. Lancaster that he and his father were engaged in the roofing business and that, having observed her husband working on their

roof, he would be interested in assisting in that work. After a brief conversation about these matters, defendant gave Ms. Lancaster his name and telephone number. At about noon on 19 November 1984, defendant returned to the Lancaster residence and was admitted into the living room by Ms. Lancaster. Another conversation took place concerning the roof work. During this conversation, Ms. Lancaster attempted to reach her husband by phone, but was unsuccessful. Defendant approached Ms. Lancaster while she was on the phone, rubbing her face with his hand. She asked him to leave. Defendant assaulted Ms. Lancaster by forcefully taking hold of her and throwing her to the floor. Defendant then forced Ms. Lancaster to engage in oral sex with him and then attempted to engage in vaginal intercourse with her before leaving the premises.

After defendant left, Ms. Lancaster went to a neighbor and explained the incident. The neighbor called the Sheriff's Department and reported the incident. Ms. Lancaster subsequently related the incident to Agent Wise of the State Bureau of Investigation, who took Ms. Lancaster to Albemarle Hospital where she was examined by Nurse Braddy.

Agent Wise, Nurse Braddy and Ms. Lancaster's husband gave testimony tending to corroborate Ms. Lancaster's testimony as to the incident with defendant on 19 November.

Defendant testified that he first met Ms. Lancaster at a local store on 5 November 1984; that she invited him to her home; that in response to a telephone call from her, he went to her home on 8 November when they engaged in lengthy consensual sexual intercourse in her bedroom; that at her invitation, he returned to her home on 19 November when they again engaged in consensual sexual intercourse. When defendant prepared to leave, Ms. Lancaster objected; and when defendant persisted in leaving, Ms. Lancaster threatened defendant.

Other aspects of the evidence will be discussed as appropriate in the body of our opinion.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Floyd M. Lewis, for the State.*

*William T. Davis for defendant-appellant.*

WELLS, Judge.

[1]   In his first assignment of error defendant contends that the trial court erred in allowing the prosecuting attorney to cross-examine defendant about alleged prior sexual misconduct with a person other than the prosecuting witness. During defendant's cross-examination, the following events took place:

> Q. Have you had other women come up to you in the past and ask you for sexual favors as Mrs. Lancaster did on this occasion?

> A. Not to my knowledge, sir.

> Q. Have you ever had sexual relations with someone without their consent in the past?

> A. Not to my knowledge.

> Q. Have you ever attempted to have sexual relations without their consent?

> A. Not to my knowledge, sir.

> Q. Do you know a Miss Maudie Bradey, sir?

> A. Miss who?

> Q. Maudie Bradey.

> A. No, sir.

> Q. Isn't it true, sir, that you attempted to have sexual relations with Maudie Bradey against her will?

Although defendant objected at this point, the trial court allowed the prosecuting attorney to pursue this line of questioning by asking defendant if in July of 1984 he did not go to the residence of Maudie Bradey and attempt to have sexual relations with her against her will. We hold that the trial court erred in allowing this line of inquiry. Prior to the enactment of the North Carolina Evidence Code our Supreme Court had consistently held that a defendant who testifies in his own behalf may be cross-examined for the purpose of impeachment concerning prior criminal acts or specific acts of misconduct so long as the questions are asked in good faith. *See State v. Small*, 301 N.C. 407, 272 S.E. 2d 128 (1980); *see also State v. Sparks*, 307 N.C. 71, 296 S.E. 2d 451

(1982). The Evidence Code, N.C. Gen. Stat. § 8C-1, became effective 1 July 1984 to actions and proceedings commenced after that date and applies to defendant's case. Rule 608(b) provides:

> (b) Specific instances of conduct.—Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness . . . .

In *State v. Morgan*, 315 N.C. 626, 340 S.E. 2d 84 (1986), our Supreme Court decided that such inquiries must now be limited to conduct which bears upon or is relevant to the witness' propensity to truthfulness or untruthfulness. Other authorities agree with this position. *See, e.g.*, Weinstein's comments on the identical Federal Rule, 3 Weinstein's *Evidence*, § 608[05] (1985). *See also* Note, *Evidence—Stuck in a Serbonian Bog: State v. Jean and the Future of Character Impeachment in North Carolina*, 63 N.C. L. Rev. 535 (1985).

Under the authority of *Morgan, supra,* we also hold that this cross-examination was not allowable under Rule 404(b) of the Evidence Code (relating to other crimes, wrongs, etc.) because of a lack of relevancy. The cross-examination questions were clearly designed to rebut defendant's defense of consent and we cannot agree that evidence of other non-consensual sexual activity would be relevant on the question of Ms. Lancaster's consent. In the context of this case, where defendant's only defense was consent of the prosecuting witness, this cross-examination inquiry was clearly prejudicial and requires a new trial.

In another assignment of error, defendant contends that the trial court erred in allowing the State to introduce hearsay evidence in the form of a sales receipt for roofing shingles purchased by Cindy Lancaster's husband. Defendant testified that when Cindy Lancaster called him at 8:35 a.m. on 8 November 1984 and invited him to her home, she described her house by saying there would be shingles in her front yard. On rebuttal for the State, Ms. Lancaster's husband testified that he did not pick up his shingles until the late afternoon of 8 November. Mr. Lancaster

identified a receipt for shingles purchased from Moore's building supply store in South Norfolk. The receipt was dated 8 November 1984 and was allowed into evidence over defendant's objection. "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. N.C. Gen. Stat. § 8C-1, Rule 801(c) of the Rules of Evidence. Mr. Lancaster's receipt was not offered as the statement of another but was offered to corroborate his own testimony as to the date he purchased his shingles. Thus, it was not hearsay. This assignment is overruled.

[2] In another assignment, defendant contends that the trial court erred in not arresting judgment in defendant's conviction of the crime against nature because that conviction was based upon the same acts for which defendant was convicted of second degree sexual offense. We disagree. N.C. Gen. Stat. § 14-27.5 (1981) provides that a person is guilty of a second degree sexual offense if the person engages in a sexual act with another person by force and against the will of the other person. N.C. Gen. Stat. § 14-27.1(4) (1981) defines fellatio as a "sexual act." Fellatio may be accomplished by mere touching of the male sex organ to the lips or mouth of another. *State v. Goodson*, 313 N.C. 318, 327 S.E. 2d 868 (1985); *see also State v. Ludlum*, 303 N.C. 666, 281 S.E. 2d 159 (1981). On the other hand, the crime against nature proscribed by N.C. Gen. Stat. § 14-177 (1981) requires penetration of or by the sexual organ. *See State v. Adams*, 299 N.C. 699, 264 S.E. 2d 46 (1980) and cases cited therein; *see also State v. Fenner*, 166 N.C. 247, 80 S.E. 970 (1914). Defendant here was convicted of two separate offenses based upon distinct acts of a sexual nature. This assignment is overruled.

Because of our decision to award defendant a new trial, we do not address defendant's assignments as to sufficiency of the evidence to convict him.

For the reasons stated, there must be a

New trial.

Judges ARNOLD and BECTON concur.