STATE OF NORTH CAROLINA v. LARRY DAVID MURPHY

No. 8923SC962

(Filed 7 August 1990)

1. **Rape and Allied Offenses § 5 (NCI3d)— first degree sexual offense—no evidence of sexual acts enumerated in statute—insufficiency of evidence of crime charged**

Evidence was insufficient to support a charge of first degree sexual offense where it tended to show that defendant masturbated on his daughter's stomach, but there was no evidence that he attempted any of the sexual acts enumerated by N.C.G.S. § 14-27.1(4); the victim's testimony that she "grit [her] teeth" was insufficient evidence of fellatio, even in light of the victim's testimony that two days before the incident in question she

"had [her] teeth gritted" when defendant began forcing her to engage in fellatio; and testimony by two of the State's witnesses that, in prior statements, the victim had stated that defendant committed fellatio on the date in question was hearsay inadmissible for any purpose.

**Am Jur 2d, Sodomy § 45.**

2. **Rape and Allied Offenses § 4 (NCI3d)— rape of 10 year old— testimony by clinical psychologist—characteristics of sexually abused children—admissibility**

In a prosecution of defendant for first degree sexual offense, taking indecent liberties with a minor, and statutory rape, the trial court did not err in permitting a clinical psychologist to testify as to the characteristics of sexually abused children and as to which of those characteristics fit the victim in this case.

**Am Jur 2d, Rape § 68.5.**

3. **Criminal Law § 87.1 (NCI3d)— ten-year-old rape victim— leading questions permissible**

The trial court did not err in allowing the prosecutor to ask leading and/or repetitive questions of the victim on two occasions since the victim was ten years old at the time of trial; she was testifying about sexual matters; and she was testifying against her father who was present in the courtroom.

**Am Jur 2d, Rape § 104.**

4. **Criminal Law § 50.2 (NCI3d)— sexual abuse victim—opinion by school guidance counselor**

The trial court did not err in allowing a sexual abuse victim's school guidance counselor to state her opinion that the victim's pretrial statements to a social worker and a police officer were consistent with the account the victim had given her, since the opinion was clearly and rationally based on the witness's own perception, was helpful to the determination of whether and to what extent defendant had sexually abused the victim, and therefore was properly admissible as a lay opinion pursuant to N.C.G.S. § 8C-1, Rule 701.

**Am Jur 2d, Infants § 16; Rape §§ 68, 68.5.**

5. **Criminal Law § 169.5 (NCI3d) — pretrial statements by victim — testimony of social worker — no prejudicial error**

Testimony by a social worker concerning certain pretrial statements made by a sexual abuse victim, even if erroneously admitted, was not prejudicial to defendant, since the evidence contained in the statements with regard to defendant's forcibly entering the victim's room and removing her clothes had no bearing on defendant's convictions for first degree sexual offense and taking indecent liberties with a minor.

**Am Jur 2d, Infants § 16; Rape §§ 68, 68.5.**

APPEAL by defendant from judgment entered 13 April 1989 in YADKIN County Superior Court by *Judge Thomas W. Seay, Jr.* Heard in the Court of Appeals 10 May 1990.

Defendant was indicted and tried on three counts of first degree sexual offense, three counts of taking indecent liberties with a minor, and one count of statutory rape. The charges stem from two separate events on 7 January 1989 and a single event on 9 January 1989.

The State's evidence tended to show that on the morning or afternoon of 7 January 1989, defendant, who is the victim's father, came into the victim's bedroom and told her to take off her clothes. Defendant then began touching the victim's breast area and her vagina, and inserted his fingers into her vagina. Later that same day, defendant again entered the victim's room and told her to take off her clothes. The victim refused, pushed defendant out of her room, and locked the door. Defendant broke the lock, came in, removed the victim's clothes, and began touching her vagina with his penis. Defendant attempted to insert his penis into the victim's vagina and then tried to insert it into her mouth. The victim at first refused to open her mouth, but when told to do so by defendant, victim complied and defendant proceeded to put his penis into her mouth. Then defendant masturbated onto the victim's stomach.

On 9 January 1989, victim was in her room when defendant entered, removed his clothes, and then removed the victim's clothes. Defendant did not touch her chest or her private parts, but he again masturbated onto her stomach.

At trial defendant was convicted of first degree sexual offense and taking indecent liberties with a minor on all three occasions. From sentences imposing three life terms and three three-year terms, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General K. D. Sturgis, for the State.*

*Zachary and Zachary, by W. Lee Zachary, Jr., for defendant-appellant.*

WELLS, Judge.

[1] By his first assignment of error, defendant contends that the evidence was insufficient to support the charge of first degree sexual offense on 9 January and that the trial court committed reversible error in not granting his motion to dismiss. In ruling on a motion to dismiss, all evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable inference to be drawn from the evidence. *State v. Bell,* 311 N.C. 131, 316 S.E.2d 611 (1984). Whether the trial court erred in denying defendant's motion depends upon whether there was substantial evidence introduced as to each essential element of the offense charged and of defendant's being the perpetrator. *See State v. Gardner,* 311 N.C. 489, 319 S.E.2d 591 (1984), *cert. denied,* 469 U.S. 1230, 105 S.Ct. 1232, 84 L.Ed.2d 369 (1985).

In order for a charge of first degree sexual offense to withstand a motion to dismiss, there must be substantial evidence that defendant committed a sexual act. *See State v. Hicks,* 319 N.C. 84, 352 S.E.2d 424 (1987). The requisite "sexual act" necessary for a conviction under the statute is defined as follows:

. . . cunnilingus, fellatio, analingus, or anal intercourse, but does not include vaginal intercourse. Sexual act also means the penetration, however slight, by any object into the genital or anal opening of another person's body: provided, that it shall be an affirmative defense that the penetration was for accepted medical purposes.

N.C. Gen. Stat. § 14-27.1(4) (1986). The evidence introduced by the State concerning the commission of any of these offenses on 9 January 1989 consisted of the following testimony by the victim on direct examination:

Q. On Monday, January the 9th, something else bad happened?

A. Yes.

Q. Where did it happen?

A. My room.

.  .  .

Q. And, what happened?

A. He just came in.

Q. Okay, this time, when he came in, do you remember what he was wearing?

A. A T-shirt and some blue jeans pants.

Q. Blue jean pants? What was the first thing dad did?

A. He took off his pants and started, then he took off mine and he started rubbing his penis back and forth.

Q. Back and forth, now, what do you mean by rubbing his penis, who was rubbing his penis back and forth?

A. He was.

Q. He was? Where was he when he was rubbing his penis back and forth?

A. He was over me, and some white stuff come [sic] onto my stomach.

Q. Onto your stomach? How was he over you, Julie, can you explain that [to] us?

A. He was like laying down but with one arm on my bed, and the other arm around his penis.

Q. How, where were you?

A. On the bed laying down.

Q. Okay, were you facing him?

A. Yes.

Q. Okay, so he was above you?

A. Yes.

Q. And, you say he rubbed his own penis?

A. Yes.

. . .

Q. . . . Had he touched you again?

A. I do not believe so.

Q. You don't think so?

A. That's right.

Q. Touch you anywhere on your chest or in your private parts?

A. I do not believe so.

Q. You don't believe he did that this time?

A. (Shakes head).

Q. Did he say anything this time?

A. No.

Q. Did you do anything?

A. I just grit my teeth.

While this testimony clearly suggests that the victim's father masturbated in her presence, there is no evidence that he attempted any of the sexual acts enumerated by the statute. The State contends that in light of the victim's testimony about the assault on 7 January in which she testified that she "had [her] teeth gritted" when the defendant began forcing her to engage in fellatio, that the victim's statement that she "grit [her] teeth" on 9 January is sufficient evidence that the defendant attempted to commit fellatio on that occasion as well. We cannot agree. While it is true that fellatio may be accomplished by the "mere touching of the male sex organ to the lips or mouth of another," *State v. Bailey*, 80 N.C. App. 678, 343 S.E.2d 434, *rev. dismissed*, 318 N.C. 652, 350 S.E.2d 94 (1986), there must be some evidence that a touching, however slight, occurred. Here the victim's testimony about gritting her teeth is not as a matter of law sufficient to show that defendant's penis touched the victim's lips or mouth during the incident on 9 January. We must therefore reverse defendant's conviction on the charge of first degree sexual offense on 9 January 1989.

STATE v. MURPHY

[100 N.C. App. 33 (1990)]

The State asserts that the victim's trial testimony regarding the events of 9 January is corroborated by two of the State's witnesses who testified that in prior statements the victim had stated that the defendant committed fellatio on 9 January. We disagree. This is not a situation analogous to those in which corroborative testimony containing new or additional information going beyond the specific facts brought out in trial testimony is properly admitted. *See, e.g., State v. Ramey*, 318 N.C. 457, 349 S.E.2d 566 (1986). Here the victim did *not* testify at trial that defendant committed fellatio on 9 January. Her prior statements to the contrary therefore went to facts not referred to in her trial testimony and were inadmissible as corroborative evidence. *See State v. Burton*, 322 N.C. 447, 368 S.E.2d 630 (1988) (citations omitted). Furthermore, even when a prior statement is properly admitted as corroborative evidence, it cannot be considered as substantive evidence of the facts stated. *See State v. Ludlum*, 303 N.C. 666, 281 S.E.2d 159 (1981). In the present case there was no express or implied statement of fact that a "sexual act" for the purposes of conviction of first degree sexual offense occurred on 9 January. The testimony of these witnesses concerning victim's prior statements to the contrary was, under the facts of this case, hearsay inadmissible for any purpose.

[2] Defendant next contends that the trial court erred by allowing Dr. Phillip Batton, a clinical psychologist, to testify as to the characteristics of sexually abused children and as to which of those characteristics fit the victim in this case. We have reviewed the challenged testimony and find no error. Our Supreme Court has recently confirmed that allowing experts to testify as to the "symptoms and characteristics of sexually abused children and to state their opinions that the symptoms exhibited by the victim were consistent with sexual or physical abuse" is proper. *State v. Kennedy*, 320 N.C. 20, 357 S.E.2d 359 (1987) (construing N.C. Rules of Evidence 702 and 703). Where scientific, technical, or other specialized knowledge will assist the fact finder in determining a fact in issue or in understanding the evidence, an expert witness may testify in the form of an opinion, and the expert may testify as to the facts or data forming the basis of that opinion. *Id.; see also In re Lucas*, 94 N.C. App. 442, 380 S.E.2d 563 (1989). Dr. Batton had seen the victim on two occasions and was qualified by the court as an expert in clinical psychology. His testimony as to the behavior exhibited by sexually abused children and his opinion concerning

which of these characteristics were exhibited by the victim had the potential to assist the jury in determining whether the victim was abused and in understanding the behavior patterns of sexually abused children. Like the *Kennedy* court, we find no error in the admission of testimony concerning the symptoms and characteristics of sexually abused children and the expert's opinion that certain symptoms exhibited by the victim were consistent with sexual or physical abuse.

Defendant, relying on *State v. Stafford*, 317 N.C. 568, 346 S.E.2d 463 (1986), also attempts to argue that any statements victim made to Dr. Batton on the Friday before trial were made in preparation for trial and constitute inadmissible hearsay. Our review of Dr. Batton's testimony reveals that he gave a detailed diagnostic narrative of the victim's signs and symptoms. We do not agree that his testimony had the same objectionable basis as that found in *Stafford*, and we therefore reject this argument.

[3] In his next two assignments of error defendant contends that the trial court erred by allowing the prosecutor to ask leading and/or repetitive questions of the victim on two occasions. We have reviewed both of these exchanges in the record and find no abuse of discretion on the part of the trial court.

Our Supreme Court has held that it is within the sound discretion of the trial court to allow leading questions on direct examination, and in cases involving children or an inquiry into delicate subjects such as sexual matters, the court is given wide latitude to exercise that discretion. *State v. Chandler*, 324 N.C. 172, 376 S.E.2d 728 (1989), and cases cited therein.

The victim in this case was 10 years old at the time of trial. She was not only testifying about sexual matters, but was testifying against her father who was present in the courtroom. Under the circumstances, leading questions were appropriate. These assignments are overruled.

[4] In his next assignment of error, defendant contends that the trial court committed prejudicial error by allowing Judy Felts, the victim's school guidance counselor, to state her opinion that the victim's pretrial statements to a social worker and a police officer were consistent with the account the victim had given her. Defendant argues that Felts' testimony was inadmissible lay opinion pursuant to N.C. Gen. Stat. § 8C-1 (1988), Rule 701 of the

N.C. Rules of Evidence and that the admission of this testimony was so prejudicial as to entitle him to a new trial. We disagree.

In *State v. Rhinehart*, 322 N.C. 53, 366 S.E.2d 429 (1988), our Supreme Court held that statements by two witnesses similar to that of Felts were properly admissible as lay opinion pursuant to Rule 701. This Rule provides as follows:

> If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.

G.S. § 8C-1, Rule 701 (1988).

The court determined that both witnesses had "rendered lay opinions based upon their own personal perceptions" and "that these opinions were helpful to the determination of a fact in issue — namely, the precise nature of the sexual offense perpetrated by defendant." *Id.* Here the statement by Felts was to the effect that the victim had told the social worker (and the policeman) "very much the same thing" that she had previously told Felts. This opinion was clearly and rationally based on the witness's own perception and was also helpful to the determination of whether and to what extent defendant had sexually abused the victim. As such, it comes within the requirements of Rule 701 and was properly admitted.

[5] By his final assignment of error, defendant contends that the trial court erred by admitting testimony of Jill McCormick, a social worker, concerning certain pretrial statements made by the victim. The defendant argues that the testimony was not admissible as corroborative evidence because it contradicts, rather than corroborates, the victim's in-court testimony. Defendant contends that the admission of this testimony was prejudicial and requires that he be granted a new trial.

It is well settled that the burden is on the appellant not only to show error but to show that the error was prejudicial. *State v. Milby*, 302 N.C. 137, 273 S.E.2d 716 (1981). An error is prejudicial if it is shown that there is a reasonable possibility that had the error not been committed a different result would have been reached at trial. *State v. Martin*, 322 N.C. 229, 367 S.E.2d 618 (1988); N.C. Gen. Stat. § 15A-1443(a) (1988).

The testimony in question concerns the following: Regarding the first of the two incidents on 7 January 1989, McCormick testified that the victim told her that the defendant had forcibly entered her room by breaking the lock and then removed her clothes. Regarding the incident on 9 January, McCormick testified that the victim told her that defendant "[felt] around the victim's breast area" and then "[got] down to her private zone." The victim's trial testimony indicates that it was during the second assault on 7 January that defendant forcibly entered her room. Also, when questioned at trial as to whether defendant touched her anywhere on her chest or private parts on 9 January, the victim indicated that he had not.

Assuming *arguendo* that McCormick's testimony regarding these incidents was erroneously admitted, we are unable to conclude that defendant was prejudiced by its admission. Defendant was convicted of two counts of first degree sexual offense and two counts of taking indecent liberties with a minor on 7 January 1989. When, on 7 January, defendant forcibly entered the victim's room *i.e.*, whether during the first or second event, and removed her clothes has no bearing on his convictions for first degree sexual offense and taking indecent liberties with a minor. Neither the evidence of forcibly entering the room nor removing the victim's clothes was necessary to establish the elements of his offenses committed on that date; therefore, there is no reasonable possibility that without the testimony complained of, a different result would have been reached at trial. Likewise, in view of our reversal of defendant's first degree sexual offense charge, defendant's only remaining conviction for the events of 9 January 1989 was for taking indecent liberties with a minor. As to that charge, the victim unequivocally testified to the effect that her father masturbated onto her stomach. The State presented strong evidence in support of this offense and we conclude that there is no reasonable possibility that without the admission of this testimony a different result would have been reached.

The result of our disposition of defendant's appeal is:

As to No. 89CR98, first degree sexual offense, reversed.

As to Nos. 89CR96 and 89CR97, first degree sexual offense and indecent liberties, no error.

As to No. 89CR98, indecent liberties, no error.

Judges PARKER and DUNCAN concur.