STATE OF NORTH CAROLINA v. ROBERT STANLEY JOHNSON

No. 9027SC1281

(Filed 18 February 1992)

1. **Rape and Allied Offenses § 5 (NCI3d)— sexual offense against children—fellatio—sufficient evidence of touching of mouths**

   The State's evidence was sufficient to support defendant's conviction of two first degree sexual offenses against two five-year-old girls where each girl testified that defendant inserted his penis into her mouth, notwithstanding each girl testified that defendant's penis did not touch her lips, since the jury could disbelieve the girls' testimony that defendant's penis did not touch their lips or could infer that some other touching of the mouths of the girls had occurred.

   **Am Jur 2d, Infants § 16; Sodomy §§ 45, 49.**

2. **Rape and Allied Offenses § 6.1 (NCI3d)— sexual offense— attempt instruction not required**

   The trial court in a prosecution for first degree sexual offense did not err in refusing to instruct the jury as to the lesser offense of attempted first degree sexual offense where defendant maintained that none of the alleged activity occurred at all and the State's evidence showed a completed offense.

   **Am Jur 2d, Infants §§ 16, 17.5; Sodomy §§ 34, 37, 38, 95.**

**3. Evidence and Witnesses § 2332 (NCI4th) — expert testimony — child's symptoms of sexual abuse**

The trial court properly permitted a psychologist to state her opinion that a child exhibited symptoms consistent with child sexual abuse. The witness was not required to state the underlying facts or data where defendant made only a general objection to her testimony. N.C.G.S. § 8C-1, Rule 705.

**Am Jur 2d, Infants §§ 16, 17.5.**

APPEAL by defendant from judgment and commitment entered 19 July 1990 by *Judge Robert W. Kirby* in GASTON County Superior Court. Heard in the Court of Appeals 24 September 1991.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Ellen B. Scouten, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Mark D. Montgomery, for the defendant.*

LEWIS, Judge.

In September of 1989, one of the complaining witnesses told her mother that she and her friend had been sexually abused by her uncle, the defendant. At the time, both girls were five years old. Defendant was indicted 10 July 1990 on two counts of first degree sexual offense and eight counts of taking indecent liberties with a minor. Defendant was convicted by a jury of all charges on 19 July 1990, and sentenced to two life sentences and twenty-four years, to run concurrently. Defendant appeals.

The alleged criminal acts occurred between 1 June 1989 and 22 September 1989. At trial, both girls testified that defendant had exposed his private parts to them, and had asked both to touch him and to touch each other. The girls testified that defendant touched each girl's private parts. Each girl testified that defendant inserted his penis into her mouth, and each witnessed defendant do the same to the other girl. Each girl testified that defendant's penis did not touch her lips. At trial, Madelyn Tison, a psychologist, was qualified as an expert and was permitted to testify concerning the nature of child sexual abuse and her assessment of one of the girls as an abused child.

[1] Defendant first assigns as error the trial court's denial of defendant's motion to dismiss the charges of first degree sexual

offense. Defendant was charged with and convicted of first degree sexual offense. A person is guilty of this crime if he

> engages in a sexual act:
>
> (1) With a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim.

N.C.G.S. § 14-27.4 (1986). Under the facts of this case, subsection (1) is clearly met. Both girls were five when the crimes allegedly occurred and the defendant was approximately forty-three.

While subsection (1) applies under the facts here, the defendant asserts that the conviction is in error because there was no "sexual act," proof of which is a necessary component for the State to obtain a conviction under N.C.G.S. § 14-27.4. Sexual act is defined by statute as:

> . . . cunnilingus, fellatio, analingus, or anal intercourse, but does not include vaginal intercourse. Sexual act also means the penetration, however slight, by any object into the genital or anal opening of another person's body: provided, that it shall be an affirmative defense that the penetration was for accepted medical purposes.

N.C.G.S. § 14-27.1(4) (1986). Under this definition, then, there are two types of sexual acts: one which requires penetration by "any object" into two specifically named bodily orifices, and one which the North Carolina courts have interpreted to require a touching. Fellatio is of the latter type and defined as "contact between the mouth of one party and the sex organs of another." *State v. Goodson*, 313 N.C. 318, 327 S.E.2d 868 (1985) (*quoting People v. Dimitris*, 115 Mich. App. 228, 234, 320 N.W. 2d 226, 228 (1981)); *See also State v. Bailey*, 80 N.C. App. 678, 343 S.E.2d 434, *rev. impr. allowed*, 318 N.C. 652, 350 S.E.2d 94 (1986). Defendant contends that neither of these types of sexual acts occurred, thus his convictions for first degree sexual offense were in error. We disagree.

Defendant contends no penetration occurred here, as defendant inserted his penis into the children's mouths, not their genital or anal openings. The trial court, in fact, did not instruct the jury as to the penetration aspect of "sexual act." Further, both girls testified at trial that defendant's penis entered their mouths but did not touch their lips.

STATE v. JOHNSON

[105 N.C. App. 390 (1992)]

However, the record makes clear that the attorneys for both the State and the defendant confined their questioning of the children to whether or not defendant's penis touched the girls' lips. There was no questioning and therefore no testimony as to whether any other part of the children's mouths was touched. The case law clearly holds that fellatio is any touching of the male sexual organ by the lips, tongue, or mouth of another person. *See State v. Hewett*, 93 N.C. App. 1, 12, 376 S.E.2d 467, 474 (1989); *Bailey*, 80 N.C. App. at 682, 343 S.E.2d at 437 (1986). This is, in fact, precisely how the trial court instructed the jury as to what constitutes a sexual act under a first degree sexual offense.

It is within the jury's province to assess the credibility of each witness, and to assign weight to all parts of the testimony believed. *Williford v. Jackson*, 29 N.C. App. 128, 223 S.E.2d 528 (1976). The jury in this case, after being instructed that it "may believe all, part or none of what a witness has said, . . ." apparently either did not believe the testimony of the girls when they stated that defendant's penis did not touch their lips, or believed that some other touching of their mouths occurred. Because the trial court did not instruct the jury as to the "penetration" aspect of "sexual act," the jury could not find that defendant had penetrated the victims. The jury did, however, find that a sexual act occurred, as is manifest by its two convictions of defendant for first degree sexual offense. Therefore, it appears to this Court that the jury believed that defendant inserted his penis in the children's mouths, and that in so doing, his penis touched some part of their mouths.

We hold that a finding of guilty of first degree sexual offense, which requires a finding by the jury that there was a touching, flows logically from the evidence adduced at trial. First, there was ample evidence to support a finding that defendant inserted his penis in the children's mouths. Both girls testified as to that fact, and both testified that they witnessed defendant do the same to the other girl. Secondly, it is logical to infer that when the penis of an adult male is placed in the mouth of a five year old child, a touching of some part of that child's mouth, however slight, will occur. In light of the evidence and this logical inference, the girls' testimony, which was limited only to whether their *lips* were touched by defendant's sexual organ, does not preclude a finding by the jury that some other part of the girls' mouths was touched.

We distinguish this case from *State v. Murphy*, 100 N.C. App. 33, 394 S.E.2d 300 (1990). In that case, the conviction of the defendant for first degree sexual offense was overturned for insufficient evidence. In *Murphy*, the victim testified that "she 'had [her] teeth gritted' when the defendant began forcing her to engage in fellatio. . . ." *Id.* at 38, 394 S.E.2d at 303. In this case, however, the testimony of both witnesses was clear that defendant inserted his penis into their open mouths. Given all the evidence, this Court finds no error in the jury's either finding or inferring that a touching occurred.

Finally, we note that it would be an absurdity under the facts of this case to overturn defendant's convictions for first degree sexual offense. All the evidence points to an unwarranted and unwelcomed invasion by the defendant's penis into the mouths of these little children. The jury in fact found that such activity occurred.

The legislature could not intend for acts so revolting as these to go without severe punishment. The defendant would have us interpret N.C.G.S. § 14-27.4 to allow defendants to insert their sexual organs into *any* bodily orifice (other than the genital or anal openings) without violating any law other than perhaps indecent liberties. We believe it is the intent of the legislature to punish as a first degree sexual offense the acts which occurred in this case, and we overrule defendant's assignment of error.

[2] Defendant next assigns as error the trial court's refusing to instruct the jury as to the lesser offense of attempted first degree sexual offense. During the trial, there was no contention either by defendant or by the State that an attempt occurred. It was the defendant's position throughout the trial that none of the alleged activity occurred at all, and it was the State's position that the defendant's acts constituted a first degree sexual offense. The evidence supports the State's contention. Finally, because defendant maintained he committed no offense, he expressly waived an attempt instruction at the charge conference. Defendant cannot now allege error as to that fact. N.C.R. App. P. 10(b)(2) (1991). We overrule this assignment of error.

[3] Defendant also assigns as error the trial court's allowing witness Madelyn Tison to give her opinion that one child displayed symptoms consistent with child sexual abuse. Defendant first argues that the prosecution failed to build a proper factual foundation for submission of opinion testimony by an expert witness. We note

STATE v. JOHNSON

[105 N.C. App. 390 (1992)]

that Rule 705 of the North Carolina Rules of Evidence states that, "[t]he expert may testify in terms of opinion or inference and give his reasons therefor without prior disclosure of the underlying facts or data, unless an adverse party requests otherwise. . . ." N.C.G.S. § 8C-1, Rule 705 (1988).

Our review of the record reveals that while the defendant made a general objection to this testimony, he did not specifically request disclosure of the underlying facts or data pursuant to Rule 705. A general objection to the expert's opinion will not suffice to preserve a specific objection or request regarding the testimony of the expert. *See State v. Catoe*, 78 N.C. App. 167, 336 S.E.2d 691 (1985); *State v. Hamilton*, 77 N.C. App. 506, 335 S.E.2d 506 (1985), *disc. rev. denied*, 315 N.C. 593, 341 S.E.2d 33 (1986).

Defendant further argues that the expert witness relied on the premise that there is a "syndrome" of child sexual abuse and that such testimony has never been declared admissible in the courts of North Carolina. Our review of the record indicates that the expert witness neither relied on such diagnosis in giving her opinion nor made reference to the existence of such a syndrome. Rather, the witness affirmatively answered a question as to whether the child's symptoms were consistent with the reactions of children who are found to be sexually molested.

The North Carolina Supreme Court in *State v. Kennedy*, 320 N.C. 20, 357 S.E.2d 359 (1987) allowed a psychologist who was an expert witness "to testify concerning the symptoms and characteristics of sexually abused children and to state [her] opinion[ ] that the symptoms exhibited by the victim were consistent with sexual or physical abuse." *Id.* at 31-32, 357 S.E.2d at 366. Furthermore, in *State v. Love*, 100 N.C. App. 226, 395 S.E.2d 429 (1990), *disc. rev. denied*, 328 N.C. 95, 402 S.E.2d 423 (1991), this Court held that, "Allowing experts to testify as to the symptoms and characteristics of sexually abused children and to state their opinions that the symptoms exhibited by the victim were consistent with sexual or physical abuse is proper." *Id.* at 233, 395 S.E.2d at 433.

It is clear under North Carolina law that an expert witness may testify as to whether the symptoms exhibited by a child are consistent with those of sexual abuse. We find no reason to address the issue of whether testimony based on indication of a child abuse "syndrome" is admissible. We conclude that the expert's testimony was properly admitted.

No error.

Judges ARNOLD and COZORT concur.