STATE OF NORTH CAROLINA v. CHUBASCO REAVES

No. COA08-1128

(Filed 5 May 2009)

**1. Appeal and Error— preservation of issues—motion in limine—failure to object when evidence offered at trial**

Although defendant contends the trial court erred in a first-degree sexual offense with a child case by admitting N.C.G.S. § 8C-1, Rule 404(b) evidence detailing defendant's sexual encounters with his minor stepdaughter, this assignment of error is dismissed because defendant waived his objections to the trial court's ruling on the motion in limine by failing to object when the evidence was offered at trial.

**2. Evidence— exclusion—threats and motivation for incriminating statements—failure to show prejudicial error**

The trial court did not violate defendant's right to present a defense in a prosecution for first-degree sexual offense with a child in violation of N.C.G.S. § 14-27.4(a)(1) by excluding evidence of alleged threats from the minor victim's father and the motivation for his incriminating statements because: (1) assuming arguendo that the trial court erred by excluding this testimony, defendant suffered no prejudice since the evidence was eventually admitted; and (2) the State cross-examined defendant extensively about the alleged threats.

**3. Evidence— recross-examination—scope**

The trial court did not abuse its discretion in a first-degree sexual offense with a child case by failing to restrict the scope of recross-examination of defendant's wife because: (1) although defendant complains about the State's use of the medical report of his stepdaughter's genital examination which had not been admitted into evidence, this objection was not preserved for review since defendant did not object when the prosecutor referred to this evidence as required by N.C. R. App. P. 10(b)(1); (2) even assuming the trial court erred by allowing the prosecutor to question defendant's wife about his stepdaughter's statements to a social worker, defendant has not shown that prejudice resulted based on prior extensive testimony from two detectives and defendant on the issue of whether defendant had sexual intercourse with his stepdaughter; and (3) the trial court suffi-

**STATE v. REAVES**

[196 N.C. App. 683 2009)]

ciently controlled the manner and scope of cross-examination, and it cannot be concluded that any argumentative questions improperly influenced the verdict.

### 4. Sexual Offenses— first-degree sexual offense with child— motion to dismiss—sufficiency of evidence—touching

The trial court did not err by denying defendant's motion to dismiss the charge of first-degree sexual offense with a child in violation of N.C.G.S. § 14-27.4(a)(1), even though defendant contends the evidence of a "touching" was insufficient, because although the ten-year-old victim testified that her eyes were closed and it was dark when defendant allegedly entered the room, other circumstances to which the victim testified, as well as defendant's inculpatory statements, amounted to substantial evidence that defendant's penis touched the victim's mouth.

Appeal by Defendant from judgment entered 28 February 2008 by Judge Knox Jenkins in Superior Court, Columbus County. Heard in the Court of Appeals 9 March 2009.

*McCotter, Ashton & Smith, P.A., by Rudolph A. Ashton, III & Kirby H. Smith, III, for defendant.*

*Attorney General Roy Cooper, by Assistant Attorney General Sonya M. Calloway-Durham, for the State.*

WYNN, Judge.

Defendant Chubasco Reaves appeals from a conviction of first-degree sexual offense with a child in violation of N.C. Gen. Stat. § 14-27.4(a)(1) (2007). Defendant contends the trial court erred by denying his motion to dismiss and making certain evidentiary rulings. After careful review, we hold that Defendant received a trial free of prejudicial error.

The facts giving rise to Defendant's conviction tended to show that Defendant engaged in sexual acts with a ten-year-old female, who along with her two younger siblings, was spending the night with Defendant's stepdaughter at Defendant's house. The children slept in a room across the hall from a room occupied by Defendant and his wife, the mother of Defendant's stepdaughter. While the children slept, Defendant allegedly went into the room, kissed the ten-year-old female on the mouth, and attempted to engage in fellatio with her. The ten-year-old female testified at trial that after Defendant tapped

the other children to see if they were asleep, she felt his tongue on her lips; heard him pull down his shorts; felt something wet, which she described as his "private" on her mouth; felt his skin and finger around her mouth; gritted her teeth together so that his "private" would not go into her mouth; and heard Defendant's wife call for him which caused him to leave the room. She stated the Defendant returned a short time later and attempted to engage in fellatio with her again but she prevented his second attempt by turning her head, and he again left the room. She said Defendant returned a third time and turned the light on when she began crying and told him that she wanted to go home. Thereafter, Defendant drove the ten-year-old female home.

At her house, the ten-year-old female ran to her mother's bathroom to brush her teeth while continuing to cry. Eventually, she told her mother of the incidents which ultimately led to a police investigation after the mother reported the matter.

Defendant gave various statements during the police investigation. On 26 September 2006, Defendant went to the Sheriff's Office and gave a statement to Detective Trina Godwin denying any wrongdoing. However, following subsequent allegations by Defendant's stepdaughter that Defendant had engaged in sexual intercourse with her on at least three occasions, on 24 October 2006, Defendant's wife drove him to the police station where he made a statement to Detective Mack Brazelle "that he had had sex with his daughter, stepdaughter, three times and had put his penis in the other little girl's mouth." Sometime later, Detective Godwin arrived and Defendant gave a detailed account of three sexual encounters with his stepdaughter.

Based upon his statements, Defendant was charged with multiple counts of first-degree rape of his stepdaughter and first-degree sexual offense of the ten-year-old female. However, the State dropped the charges of first-degree rape against the stepdaughter after she recanted her allegations and a genital exam neither supported nor refuted her allegations.

In a letter dated 18 January 2007, Defendant wrote to Detective Godwin, claiming for the first time that his confessions were false and motivated by a desire to keep himself and his family safe from threats received from the ten-year-old female's father. The letter explained that, because of the threats, Defendant sought a gun permit, but having failed, he resorted to a false confession to keep his

family safe and to prevent the Department of Social Services from taking his stepdaughter from his wife.

At trial, Defendant made a motion in limine to exclude any Rule 404(b) evidence relating to the alleged sexual encounters between Defendant and his stepdaughter. Also, the State made a motion in limine to exclude any evidence that Defendant was charged with sexual offenses relating to his stepdaughter and that those charges were dismissed. The trial court granted the State's motion and denied Defendant's. The trial court also denied Defendant's motion to suppress his statements to Detectives Brazelle and Godwin.

Following the presentation of evidence at trial, a jury returned a verdict of guilty against Defendant on the charge of first-degree sexual offense against the ten-year-old female. The trial court entered judgment consistent with the jury's verdict and sentenced Defendant to a term of 240 to 297 months imprisonment. Defendant appeals arguing that the trial court erred by: (I) allowing the Rule 404(b) evidence, but excluding evidence that the related charges were dismissed; (II) sustaining objections to Defendant's testimony about the alleged threats; (III) allowing the State's re-cross examination of his wife to become argumentative and to exceed its proper scope; and (IV) denying his motion to dismiss.

I.

[1] First, Defendant argues the trial court erred in admitting the Rule 404(b) evidence because the court used an incorrect procedure and the evidence was not relevant or offered for a permissible purpose. However, the State contends that Defendant failed to preserve the pertinent assignments of error for this Court's review because he failed to object when the evidence was offered at trial.

Our Supreme Court has stated:

[A] motion in limine is insufficient to preserve for appeal the question of the admissibility of evidence if the defendant fails to further object to that evidence at the time it is offered at trial. Rulings on motions in limine are preliminary in nature and subject to change at trial, depending on the evidence offered, and thus an objection to an order granting or denying the motion is insufficient to preserve for appeal the question of the admissibility of the evidence.

*State v. Hayes*, 350 N.C. 79, 80, 511 S.E.2d 302, 303 (1999) (per curiam) (citations and quotation marks omitted). Thus, a defendant

must "object when the evidence that was the subject of the motion in limine [is] offered at trial . . . ." *Id.* Likewise, a party objecting to the grant of a motion in limine must attempt to offer the evidence at trial to properly preserve the objection for appellate review. *See State v. Hill*, 347 N.C. 275, 293, 493 S.E.2d 264, 274 (1997); *see also State v. Hernendez*, 184 N.C. App. 344, 347, 646 S.E.2d 579, 582 n.3 (2007) (noting that the defendant properly preserved his objection to the trial court's grant of the State's motion in limine where he "requested voir dire examination of the challenged witnesses and made offers of proof of the testimony he sought to have admitted into evidence.").

In this case, the first witness to testify about the Rule 404(b) evidence was Detective Brazelle; Defendant did not object to Detective Brazelle's testimony. Later, during Detective Godwin's direct examination, Defendant objected when the prosecutor asked what Defendant told Detective Godwin "about what he had done to [his stepdaughter]." The trial court denied Defendant's objection, and thereafter Detective Godwin read Defendant's entire statement, detailing sexual encounters with his stepdaughter, without objection. During his case-in-chief, Defendant made no offer of proof or other attempt to introduce evidence that charges relating to the Rule 404(b) evidence were dismissed. Under *Hayes* and *Hill*, we are compelled to hold that Defendant waived his objections to the trial court's rulings on the motions in limine.[1] Accordingly, we dismiss this assignment of error.

## II.

[2] Next, Defendant argues the trial court violated his right to present a defense by excluding evidence of alleged threats and the motivation for his incriminating statements. We disagree.

During Defendant's direct examination, he attempted to testify that he had received threats from the ten-year-old female's father, and that those threats motivated him to give false confessions. The trial court sustained the State's objections during this series of questions and denied defense counsel's request to be heard. No basis was offered by the State for its objections or by the trial court for its rulings. However, assuming *arguendo* that the trial court erred by

---

1. We note that Defendant's seventh assignment of error alleges plain error, but Defendant makes no corresponding argument in his brief. Accordingly, we have not reviewed this issue for plain error. *See* N.C. R. App. P. 10(c)(4) & 28(a) (2009) (assignment of error not presented and discussed in brief is deemed abandoned); *State v. Cummings*, 352 N.C. 600, 636-37, 536 S.E.2d 36, 61 (2000), *cert. denied*, 532 U.S. 997, 149 L. Ed. 2d 641 (2001).

excluding this testimony, Defendant suffered no prejudice because the evidence was eventually admitted.

Just moments after the trial court sustained the State's objections, Defendant testified as follows:

Q: You say you were afraid for your life. Why were you afraid for your life?

A: I had been receiving threats.

. . .

Q: Now between that time—between September 26th of '06 and October the 24th of '06, the second time you talked with the officers, would you describe your mental state during that period of time?

A: I didn't know—I didn't know what was going on. I didn't—couldn't understand why she would say something like that about me.

. . .

Q: When you say you were going to turn yourself in, what do you mean?

A: Well because of—because of the threats.

Furthermore, the State cross-examined Defendant extensively about the alleged threats. Accordingly, assuming the trial court erred by initially excluding Defendant's testimony about the threats and his state of mind before making the incriminating statements, he cannot show that such error was prejudicial. N.C. Gen. Stat. § 15A-1443(a) (2007). This assignment of error is without merit.

III.

[3] In his next assignment of error, Defendant argues the trial court committed prejudicial error by failing to restrict the scope of his wife's re-cross examination. We disagree.

Under the Rules of Evidence, trial courts should "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." N.C. Gen. Stat. § 8C-1, Rule 611(a) (2007).

However, "[a] witness may be cross-examined on any matter relevant to any issue in the case, including credibility." *Id.* § 8C-1, Rule 611(b). "On appeal, the trial court's decision to limit cross-examination is reviewed for abuse of discretion, and rulings in controlling cross examination will not be disturbed unless it is shown that the verdict was improperly influenced." *State v. Jacobs*, 172 N.C. App. 220, 228, 616 S.E.2d 306, 312 (2005) (citations omitted).

First, Defendant complains of the State's use of the medical report of his stepdaughter's genital examination, which had not been admitted into evidence, during re-cross examination of Defendant's wife. However, Defendant did not object as the prosecutor referred to this evidence; accordingly, this objection has not been preserved for our review. N.C. R. App. P. 10(b)(1) (2008).

Second, Defendant contends that the State's use of his step-daughter's statements to social worker Lauretta Freeman was improper because there was no foundation and the statements were hearsay. Ms. Freeman did not testify at trial, and Defendant notes that the DSS report containing his stepdaughter's statements was not admitted into evidence. The trial court denied Defendant's timely objection. However, the prosecutor's questions involved whether his stepdaughter told Ms. Freeman that Defendant had had sexual intercourse with her—an issue on which there had already been extensive testimony from Detective Brazelle, Detective Godwin, and Defendant. Therefore, even assuming that the trial court erred by allowing the prosecutor to question Defendant's wife about Defendant's step-daughter's statements to Ms. Freeman, Defendant has not shown that prejudice resulted. N.C. Gen. Stat. § 15A-1443(a) (2007).

Finally, Defendant's argument that his wife's re-cross examination became argumentative does not amount to error. Indeed, the trial court sustained Defendant's objections to argumentative questions. In short, the trial court sufficiently controlled the manner and scope of cross-examination, and we cannot conclude that any argumentative questions improperly influenced the verdict. *Jacobs*, 172 N.C. App. at 228, 616 S.E.2d at 312.

IV.

[4] Defendant contends in his last argument that the trial court erroneously denied his motion to dismiss because the State's evidence of a "touching" was insufficient to prove a sexual act occurred. We disagree.

STATE v. REAVES

[196 N.C. App. 683 2009)]

The State argues that Defendant has not preserved this issue for appellate review because his motion to dismiss was untimely. "[I]f a defendant fails to move to dismiss the action . . . at the close of all the evidence, he may not challenge on appeal the sufficiency of the evidence to prove the crime charged." N.C. R. App. P. 10(b)(3) (2008). Here, Defendant's motion to dismiss at the end of the State's evidence was denied. Defendant presented evidence but did not renew his motion to dismiss until after closing arguments. The trial court denied Defendant's renewed motion to dismiss.

In arguing that Defendant's renewed motion to dismiss was untimely, the State relies on two unpublished cases, *State v. Overby*, 183 N.C. App. 158, 2007 WL 1246427 (2007) (unpublished) and *State v. Freeman*, 163 N.C. App. 612, 2004 WL 743767 (2004) (unpublished). Both cases held that the motions to dismiss, made after the jury was instructed in *Freeman* and after the defendant was sentenced in *Overby*, were untimely. *Overby*, 2007 WL 1246427 at *5; *Freeman*, 2004 WL 743767 at *2. However, the common basis for the holdings in both cases is expressed in this language from *Overby*: "Defendant's failure to renew the motion to dismiss [at the close of all the evidence], *combined with the trial court's failure to rule on the motion*, waives defendant's right to appellate review of this issue." *Overby*, 2007 WL 1246427 at *5 (emphasis added); *see also Freeman*, 2004 WL 743767 at *2. The trial court ruled on Defendant's renewed motion to dismiss in this case; thus *Overby* and *Freeman* are distinguishable. Accordingly, we reach the merits of Defendant's argument.

Under N.C. Gen. Stat. § 14-27.4,

A person is guilty of a sexual offense in the first degree if the person engages in a sexual act:

(1) With a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the victim . . . .

N.C. Gen. Stat. § 14-27.4(a)(1) (2007). Where the "sexual act" is fellatio, evidence of "any touching of the male sexual organ by the lips, tongue, or mouth of another person" will suffice. *State v. Johnson*, 105 N.C. App. 390, 393, 413 S.E.2d 562, 564, *disc. review denied*, 332 N.C. 348, 421 S.E.2d 158 (1992). To survive a motion to dismiss, the State must present substantial evidence, viewed in the light most favorable to the State, of each element of the offense. *State v. Murphy*, 100 N.C. App. 33, 36, 394 S.E.2d 300, 302 (1990).

Defendant contends that the State's evidence of a "touching" was insufficient because the ten-year-old female testified that her eyes were closed and it was dark when Defendant allegedly entered the room. However, other circumstances to which the ten-year-old female testified, and Defendant's inculpatory statements, when viewed most favorably to the State, amount to substantial evidence that Defendant's penis touched the ten-year-old female's mouth. The ten-year-old female testified that she heard a "swishing" sound made by undershorts being pulled down, and felt skin and wetness on her mouth. Moreover, in Defendant's inculpatory statements, he admitted putting his penis in the "other little girl's mouth." The jury could reasonably infer from this admission that Defendant was referring to the ten-year-old female. Accordingly, this assignment of error is overruled.

No prejudicial error.

Chief Judge MARTIN and Judge ERVIN concur.