DUFFY and another, Respondents, vs. RADKE, Appellant.

*January 26—February 16, 1909.*

*Witnesses: Impeachment: Motion for new trial: Questions raised: Excessive damages.*

1. Evidence to impeach defendant as a witness was properly admitted where a foundation for it was laid by showing that the witnesses based their conclusions upon their knowledge of his general reputation among those with whom he resided, and the inquiry was restricted to whether, in view of defendant's general reputation for truth and veracity, the witnesses would believe him under oath.

2. A motion for a new trial, not specifying as a ground therefor that the damages are excessive, does not raise that question.

APPEAL from a judgment of the circuit court for Milwaukee county: WARREN D. TARRANT, Circuit Judge. *Affirmed.*

The plaintiffs, a firm of attorneys at Fond du Lac, commenced an action, at the request of the defendant, in the circuit court for Sheboygan county, to set aside deeds from the sheriff of Sheboygan county to M. Winter Lumber Company and from this company to Cudahy Bros. Company. The case was prosecuted to a judgment in favor of the defendant in this action. At this time the plaintiffs received from the present defendant the sum of $375, which was a payment in addition to others previously received. The following receipt was given:

"Milwaukee, Wis., Nov. 3, 1900.

"Received from *John Radke* three hundred seventy-five dollars ($375.00) in full for services up to that date in the case of *John Radke* against M. Winter Lumber Company pending in the circuit court for the county of Sheboygan and state of Wisconsin. We agreed to pay the clerk's fee.

"DUFFY & McCRORY.

"JOHN H. RADKE.

"In the event of this case being tried again in circuit court, we hereby agree to do the work in circuit court free of charge.

"DUFFY & McCRORY."

The case was appealed to the supreme court, and this action is brought to recover the balance alleged to be due the plaintiffs for their disbursements and their services in preparing proposed amendments to the proposed bill of exceptions, in attending circuit court at Sheboygan on two occasions for the purpose of settling the bill of exceptions, in preparing the brief on appeal, and in arguing the case in the supreme court. The amount claimed, inclusive of $44.29 which was disbursed for printing the brief and for hotel expenses and railroad fares, amounts to $321.29, with a credit of $50.

In his answer the defendant alleged that the payment receipted for was in full for all past and future services in the case by the plaintiffs.

Upon the trial plaintiffs introduced evidence of the amount and value of the services rendered and of the amount of the disbursements. Evidence was introduced by the defendant tending to show that there was a settlement and payment in full for the services. Evidence by the plaintiffs was admitted impeaching the defendant. They also attempted to introduce evidence of specific acts which would tend to prejudice the jury against the defendant. This evidence was excluded by the court. The jury returned a verdict in plaintiffs' favor for the amount claimed. This is an appeal from the judgment on the verdict.

*H. L. Eaton,* for the appellant.

The cause was submitted for the respondents on the brief of *J. G. Hardgrove.*

SIEBECKER, J.    The contention that the court erred in the admission of evidence to impeach the defendant cannot be sustained.   The record shows that a foundation for the reception of such evidence was properly laid by showing that the witnesses based their conclusions upon their knowledge of defendant's general reputation among those with whom he resided, and the form of inquiry was properly restricted to the inquiry whether, in view of defendant's general reputation for truth and veracity, the witness would believe him under oath.

It is also claimed that the verdict is not supported by the evidence. This contention is met by the evidence of the plaintiff *McCrory*. He testifies that the services were rendered, as alleged, under an agreement with defendant to act as his attorneys in the action in circuit and supreme courts, that they were not fully paid, and that the charges were for services actually and necessarily rendered in the prosecution of the case to final judgment. It is not necessary to restate the various items of services so testified to to show that the amount awarded by the jury did not exceed the amount of the

balance claimed by the plaintiffs. The motion for a new trial, specifying that the verdict is contrary to the law and the evidence, does not raise the question of excessive damages. To raise this question the motion must specifically assign that ground. *Howard v. Beldenville L. Co.* 134 Wis. 644, 114 N. W. 1114. The trial court properly awarded judgment for the amount found by the jury.

*By the Court.*—Judgment affirmed.

KERWIN, J., took no part.