### HELD v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. November 25, 1919.)

No. 3376.

WITNESSES ⟨⟩357—IMPEACHING TESTIMONY AS TO CHARACTER.

Where witnesses testified that they were familiar with the general reputation for truth and veracity of a witness for the prosecution, whose testimony had to be relied on to support the criminal charge made, question as to whether, from such reputation for truth and veracity, the impeaching witness would believe him on oath, was proper.

In Error to the District Court of the United States for the Western District of Texas; William R. Smith, Judge.

Edgar Held was convicted of crime, and he brings error. Reversed.

William E. Loose and Jas. F. McKenzie, both of El Paso, Tex., for plaintiff in error.

W. H. Fryer, Asst. U. S. Atty., of El Paso, Tex.

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before WALKER, Circuit Judge, and· FOSTER and GRUBB, District Judges.

WALKER, Circuit Judge. Witnesses for the plaintiff in error were examined for the purpose of impeaching the credibility of J. E. Monroe, a witness whose testimony had to be relied on to support the criminal charge made. After each of several of those witnesses had stated that he was acquainted with Monroe, that he knew Monroe's general reputation for truth and veracity in the community in which he lived, and that such reputation was bad, the following question was propounded:

"From your knowledge of J. E. Monroe's general reputation for truth and veracity, would you believe him on oath?"

Exceptions were reserved to the action of the court in sustaining objections to the questions. Defendant's counsel stated to the court that each witness, if permitted, would have answered, "No."

In our opinion the evidence which the action of the court excluded was admissible. The admission of testimony called for by such a question, asked under the circumstances stated, we think properly may be regarded as an allowable, possibly the only available, means of enabling the jury to determine whether the probative value of the sworn testimony of the assailed witness is destroyed, or so far impaired as to justify a rejection of it as a support for a finding on an issue of fact presented. This conclusion is supported by abundant authority and general usage in this country and in England. United States v. Masters, 4 Cranch, C. C. 479, Fed. Cas. No. 15,739; Hamilton v. People, 29 Mich. 173, 186; Crawford v. State, 112 Ala. 1, 21, 21 South. 214; Duffy v. Radke, 138 Wis. 38, 119 N. W. 811; Teese et al. v. Huntingdon et al., 23 How. 2, 16 L. Ed. 479; 5 Jones on Evidence, § 862; 3 Wigmore on Evidence, § 1985.

The court erred in sustaining the above-mentioned objections. Because of that error, the judgment is reversed.