The plaintiff, a woman of 54 years of age, received some bruises and lacerations but the latter were not sufficient to require any stitches. She complained of pain over the seventh and eighth ribs but her physician found that the ribs were not fractured. She was working in the spinning room of the Lawton Spinning Company at the time of the accident and was away from work as a result of the accident for a period of nine weeks and two days. Following the accident she was in bed two weeks and was confined to the house for two months. At the trial plaintiff complained of having some pain still and also of having headaches.

The Court, after seeing the plaintiff on the witness stand and after hearing all the evidence relating to her, thinks that substantial justice has not been done by the verdict of the jury and therefore grants defendant's motion for a new trial unless plaintiff files a remittitur within five days remitting all of the verdict in excess of $600. In the event that such remittitur be filed, the motion for a new trial is denied.

For plaintiff: John R. Higgins.

For defendant: William S. and E. W. Flynn.

Valida Driscoll
vs.                          } No. 81649.
Batchelor's Bottling Works,
Inc.

May 5, 1930.

FROST, J. Heard on defendant's motion for new trial after verdict for plaintiff for $4,700.

The grounds of defendant's motion are as follows:

"First: Because the verdict was against the evidence and the weight thereof.

Second: Because the verdict was against the law and the evidence and the weight thereof.

Third: Because the verdict does not do substantial justice between the parties.

Fourth: Because the defendant has discovered new and material evidence which was not reasonably available at the time of trial."

On the 31st of August, 1929, plaintiff, a widow, 48 years of age, was riding on the right hand side of the front seat of an autombile driven by Alanzo Lemay. The machine was proceeding on Pond street in the direction of Social street in the city of Woonsocket. When the automobile reached the intersection of Pond and Snow streets it collided with a truck which had come out of Snow street from Lemay's right. In the suit of the driver, Lemay, against this same defendant, tried with this and six other suits all growing out of the same accident, the jury found in favor of Lemay and that verdict has been sustained by the trial court. (See rescript on file in No. 81,-652.) Since there can be no reasonable question that this plaintiff was in the exercise of due care and since the jury's verdict of negligence on the part of the defendant in the suit of the driver was sustained, there is ample reason for sustaining the jury's verdict on the question of liability in this case, which is one brought by a passenger.

In the matter of her injuries, Mrs. Driscoll testified that three fingers on her left hand were cut; that both knees were black and blue; that her right arm and right shoulder were injured and that several ribs were broken. She was taken to the Woonsocket Hospital but remained only a portion of one

day, when she was taken home where she remained in bed for three weeks, and was in the house three weeks more before going out of doors. She testified further that she had lost 14 pounds in weight; that her spine hurt her, and that she still had some pain at the present time. She was earning $16 a week when injured and had been unable to work up to the time of the trial. Her doctor's bill was approximately $175.

Dr. Gauthier testified that he attended Mrs. Driscoll and that she complained of "tenderness of the entire right chest posteriorly;" that he found a separation of the acromion clavicular joint; that the 3rd, 4th, 5th, 6th and 7th ribs were fractured and that the condition was a painful one. In answer to a question of defendant's counsel as to whether she was able to work, the doctor answered: "Other than nervousness, I don't see but what she would be able to perform her usual work now."

Dr. T. J. McLaughlin examined plaintiff on behalf of the defendant on October 16, 1929. He found evidence of fracture of three ribs and no evidence of any injury to the spine, although she complained of pain in the back. He thought she was practically able to go back to work.

At the time of the trial, which occurred late in January, 1930, the plaintiff had lost in wages substantially $350 and her medical expenses had been approximately $175. In other words, she had sustained a financial loss of $525. The jury may well have found from the testimony that the plaintiff would be unable to do her regular work in the mill before spring, and they may well have found that her total expense would be in round figures $700. This would mean an allowance of $4,000 for pain and suffering, past, present and future.

At the hearing on defendant's mo-

tion for new trial, counsel argued that the damages as given were excessive. This question is not raised by the specific ground that the damages as given were excessive. It is true that some courts have considered that the size of a verdict may be attacked under a ground that the verdict is against the evidence.

*Du Brutz et al.* vs. *Jessup* (1880), 54 Cal. 118 at 119;

*McCloskey* vs. *The Pulitzer Publishing Co.* (1901), 163 Mo. 22 at 31 & 32.

Many more courts, however, have taken the position that this cannot be done.

*Kelso et al* vs. *Wolf* (1870), 70 Ind. 105 at 106.

*Reynolds* vs. *The Iowa and Nebraska Ins. Co. et al.* (1890), 80 Iowa 563;

*Obear-Nester Glass Co.* vs. *Mobile Drug Co.* (1922), 208 Ala. 618 at 619;

*Star Brewery of Chicago* vs. *Johanna Croake* (1894), 57 Ill. App. 287 at 288.

*Duffy et als.* vs. *Radke* (1909), 138 Wis. 38 at 41.

Of the grounds named in its motion for a new trial, the Court thinks that the only one under which the defendant can urge that the damages are excessive is that one which asserts that the verdict does not do substantial justice. That ground, while not to be commended as a ground because it is not sufficiently specific, is broad and comprehensive. The Court has reached the conclusion that under it, because it is so inclusive, the size of the present verdict may be challenged.

While it is not for the trial court to substitute its judgment for that of the jury, it thinks that in the instant case the jury has given a verdict, the amount of which is clearly in excess of any amount which could be given by a jury — devoid of sympathy and

based wholly upon the evidence.

The Court, therefore, grants defendant's motion for a new trial unless plaintiff, within five days, files her remittitur for all of the verdict in excess of $3500. If such remittitur be so filed a new trial is denied.