**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Howard Thomas LOLLAR,**
**Defendant-Appellant.**

**No. 79–5185**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 14, 1979.

---

* Fed.R.App.Proc. 34(a), 5th Cir. Local R. 18.

588

Miles Huffstutler, Birmingham, Ala. (Court-appointed), for defendant-appellant.

James C. Thomason, III, Asst. U.S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before CLARK, GEE and HILL, Circuit Judges.

JAMES C. HILL, Circuit Judge:

Howard Lollar appeals from his conviction for interstate transportation of stolen property valued in excess of $5,000, 18 U.S.C.A. § 2314. The property was alleged to have been stolen by appellant and several of his employees from a warehouse in West Milford, New Jersey. We affirm.

After appellant testified at trial, the government recalled one of its witnesses and asked him whether he would believe appellant under oath. Defense counsel's objection was overruled, and the witness, a former employer, answered the question in the negative. Appellant now argues that it was error to allow the witness to offer his opinion on appellant's veracity.

Although a criminal defendant cannot be compelled to take the stand in his own defense, once he chooses to testify "he places his credibility in issue as does any other witness." *United States v. Jackson,* 588 F.2d 1046, 1055 (5th Cir. 1979); *see Reagan v. United States,* 157 U.S. 301, 305, 15 S.Ct. 610, 39 L.Ed. 709 (1895); *United States v. Nace,* 561 F.2d 763, 771 (9th Cir. 1977); *United States v. Augello,* 452 F.2d 1135, 1139 (2d Cir. 1971), *cert. denied,* 406 U.S. 922, 92 S.Ct. 1787, 32 L.Ed.2d 122; 409 U.S. 859, 93 S.Ct. 145, 34 L.Ed.2d 105 (1972); *Hodge v. United States,* 414 F.2d 1040, 1044 (9th Cir. 1969); *United States v. Harris,* 331 F.2d 185, 187 (4th Cir. 1964); *United States v. Walker,* 313 F.2d 236, 238 (6th Cir.), *cert. denied,* 374 U.S. 807, 83 S.Ct. 1695, 10 L.Ed.2d 1031 (1963). While the defendant's decision to testify does not open the door to attacks on his general character, it does free the government to offer evidence bearing on the defendant's believability as a witness. Historically, the most widely used method of impeaching a defendant's credibility was to call witnesses to testify that the defendant's reputation for truth and veracity was bad. The propriety of asking a more direct question, such as "would you believe this person under oath," caused a great deal of conflict among the courts and the commentators. Early cases in this Circuit adopted the position that such testimony could be used to impeach a witness' credibility. *See Miller v. United States,* 288 F. 816, 818 (5th Cir. 1923); *Held v. United States,* 260 F. 932, 933 (5th Cir. 1919). While this was the minority view among the courts, many commentators agreed that "the exclusion of opinion evidence was 'historically unsound.'" 3 Weinstein's Evidence ¶ 608[04], at 608–20 (1978); *see McCormick, Evidence*

§ 44, at 95 (1954); 7 Wigmore, Evidence §§ 1981–1986 (3d ed. 1940); Ladd, *Techniques of Character Testimony*, 24 Iowa L. Rev. 498, 509–13 (1939). This conflict was resolved in 1976 with the enactment of Rule 608(a) of the Federal Rules of Evidence. Recognizing that "witnesses who testify to reputation seem in fact often to be giving their opinions, disguised somewhat misleadingly as reputation," Advisory Committee's Notes, Fed.R.Evid. 608(a), Rule 608(a) provides that the credibility of a witness may be attacked "by evidence in the form of *opinion or reputation*", Fed.R.Evid. 608(a) (emphasis added). While it may be more desirable to have counsel first ask the impeaching witness about his knowledge of the defendant's reputation for truth and veracity, and whether based on that knowledge he would believe the defendant under oath, Rule 608(a) imposes no such requirement:

> Witnesses may now be asked directly to state their opinion of the principal witness' character for truthfulness and they may answer for example, "I think X is a liar." The rule imposes no prerequisite conditioned upon long acquaintance or recent information about the witness; cross-examination can be expected to expose defects of lack of familiarity and to reveal reliance on isolated or irrelevant instances of misconduct or the existence of feelings of personal hostility towards the principal witness.

Weinstein's Evidence ¶ 608[04], at 608–20 (1978).

Accordingly, we hold that the district court was acting well within its discretion in overruling defense counsel's objection.

■ The second error alleged by appellant involves testimony given by Raymond Ackerman, a police officer with the West Milford, New Jersey, Police Department. The officer testified that the night before the theft he pulled into a rest area on Route 23 and noticed a parked van with out-of-state license plates. Looking in the rear window, Ackerman observed five people asleep in the van. The occupants were awakened, and the driver of the van, Howard Lollar, showed the officer his license. Satisfied that everything was in order, Ackerman left the scene a few minutes later without making any arrests.

As we understand his argument, appellant contends that officer Ackerman's actions violated the Fourth Amendment because he had neither probable cause to believe nor a reasonable suspicion that the van or its occupants were involved in criminal activity. Thus, we are urged to hold that Ackerman's testimony should have been suppressed under the Supreme Court's recent decision in *Delaware v. Prouse,* 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979).

While the briefs have raised the question whether *Prouse* should be given retroactive effect, we find no need to decide that issue at this time. The only effect of Ackerman's testimony was to place appellant, his van, and his companions at a rest area in New Jersey, several hours before the theft. Appellant and two of the occupants of the van all testified to having slept at the rest area on the night in question. Having failed to allege that the officer's actions resulted in his arrest or the discovery of incriminating evidence, and having himself corroborated Ackerman's testimony, we fail to see how appellant was prejudiced by its admission. We conclude, therefore, that if any error was committed in admitting the testimony it was harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 1283, 18 L.Ed.2d 241 (1967).

We have carefully considered the remainder of appellant's arguments and find them without merit.

AFFIRMED.