United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 3, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-60990
Summary Calendar

———————————

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

TYRANT O'NEAL GABLE
also known as Sealed Defendant 1

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 02-CR-26-1-BrR
--------------------

Before KING, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Tyrant O'Neal Gable appeals his jury conviction of being a felon in possession of a firearm. Gable argues that the district court abused its discretion in admitting portions of a videotape from Gable's previous arrest into evidence for impeachment purposes because the videotape's prejudicial value outweighed its probative value.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Here, the district court properly allowed in only those portions of the videotape that impeached Gable's statement that he would never fight with a police officer. See United States v. Lollar, 606 F.2d 587, 588 (5th Cir. 1979). The district court weighed the prejudicial value against the probative value of the videotape and determined that only portions of the videotape should be admitted, and the court allowed Gable the opportunity to explain the videotape. Additionally, the district court instructed the jury that the videotape was not being admitted to prove the content of the statements on it but only to determine whether those statements were consistent with Gable's trial testimony. The district court did not abuse its discretion. See United States v. Perez, 217 F.3d 323, 329-30 (5th Cir. 2000).

Gable also argues that the district court erred in admitting photographs of injuries sustained by the police officer because those photographs were not relevant and were merely cumulative. In admitting the photographs, the district court performed the required balancing test and determined that nothing in them would shock the conscience. Gable has not shown that the district court abused its discretion in admitting the photographs. See United States v. Hays, 872 F.2d 582, 587 (5th Cir. 1989).

Gable argues that the district court erred in admitting into evidence an exhibit because it was not properly authenticated. Even if the document arguably is not self-authenticating under FED. R. EVID. 902(4), the district court did not err in admitting

it because there was sufficient evidence to support a finding that that document was what the Government claimed it to be. See United States v. Jimenez Lopez, 873 F.2d 769, 772 (5th Cir. 1989). Moreover, the contents of the document were consistent with the testimony at trial of the probation officer, who had determined that Gable previously had been convicted of grand larceny, and Gable's own testimony. The district court did not abuse its discretion in admitting the document. See id.

Gable argues that the district court erred in overruling his motion for judgment of acquittal because there was insufficient credible evidence to show beyond a reasonable doubt that he was the person in possession of the firearm. A review of the record reveals sufficient evidence to support the verdict. The officer testified that he observed the handle of a gun in Gable's waistband and that, in the course of fighting with Gable, the gun fell out of Gable's waistband. Although the jury also heard the testimony of two bystanders who said that they saw Gable's brother, not Gable, with a gun, that testimony is not necessarily inconsistent with the officer's testimony.

Gable also argues that the district court abused its discretion in allowing the Bureau of Alcohol, Tobacco, and Firearms (ATF) agent to testify as an expert in interstate transportation of firearms. Here, the ATF agent had been an agent with the ATF for approximately three years and three months and had completed the only ATF-required course in nexus training.

The district court did not abuse its discretion in accepting him as an expert based on his training and experience. See United States v. Townsend, 31 F.3d 262, 270 (5th Cir. 1994).

Gable argues, to preserve the issue for further review, that Apprendi v. New Jersey, 530 U.S. 466 (2000), is applicable because the Government was attempting to enhance his sentence using the existence of an uncharged felony. Where, as here, the defendant's sentence is below the maximum authorized by statute, Apprendi is inapplicable. See United States v. Doggett, 230 F.3d 160, 165 (5th Cir. 2000). As Gable concedes, his Apprendi challenge is foreclosed.

Gable also argues that the facts of the altercation with the police officer showed only a misdemeanor and not a felony and therefore the district court should not have enhanced his sentence under U.S.S.G. § 2K2.1(b)(5).

The record supports the district court's determination that at least a preponderance of evidence supported a finding that Gable was engaged in a serious altercation with the officer, which was a felony offense. See United States v. McKinney, 53 F.3d 664, 677 (5th Cir. 1995). The officer testified that the reason he grabbed Gable was to protect the bystanders. He did not testify that he grabbed Gable to arrest him. The officer explained that, once he grabbed Gable, Gable began fighting with him violently and that Gable knew who he was because he had spoken with him before and the officer was in uniform. The

district court did not clearly err in applying U.S.S.G.
§ 2K2.1(b)(5).  See United States v. Edwards, 65 F.3d 430, 432
(5th Cir. 1995).

Finally, Gable argues that the cumulative effect of all of
the errors deprived him of a fair trial, requiring that his
conviction be reversed and the matter remanded for a new trial.
Because Gable has not demonstrated any error in his trial, this
issue lacks merit.  The judgment of the district court is
AFFIRMED.