UNITED STATES of America,
Plaintiff—Appellee,

v.

Jimmy L. GETTINGS, Defendant—
Appellant.

No. 02–10100.
D.C. No. CR–00–00535–WBS.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 11, 2003.*

Decided Sept. 17, 2003.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Laurel D. White, Douglas Gale Hendricks, USSC–Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

John P. Balazs, Sacramento, CA, for Defendant–Appellant.

Before HALL, O'SCANNLAIN, and LEAVY, Circuit Judges.

## MEMORANDUM**

Appellant Jimmy Gettings challenges his conviction for assaulting Beverly Wilson, a United States census employee, in violation of 18 U.S.C. § 111(a)(1). Gettings contends that the jury instructions permitted the jury to convict him of simple criminal assault, thereby constructively amending his indictment and also depriving the district court of subject matter jurisdiction. Additionally, Gettings contends that the district court erred by admitting opinion testimony about his character for untruthfulness. We AFFIRM.

A federal grand jury returned an indictment charging Gettings with a violation of 18 U.S.C. § 111(a)(1), an offense that contains two elements: (1) that the defendant assaulted a public employee, and (2) that the public employee was acting within the scope of her official duties at the time of the assault. 18 U.S.C. § 111(a)(1). Jury

Instruction 4 clearly instructed the jury that it could not return a guilty verdict unless it found that the prosecution had proved both of these elements beyond a reasonable doubt.

Despite the clear language of Instruction 4, Gettings contends that Instructions 9–13[1] were inconsistent, and that the cumulative effect of the jury instructions led the jury to believe that the prosecution need only prove the elements of simple criminal assault. Gettings's contention has no merit.

Instructions 9–11 explain that the government is not required to prove that Gettings was aware of Wilson's status as a federal employee. Rather, the government need only prove that Gettings engaged in conduct towards Wilson that would constitute assault "even if she were not a federal officer or employee." The challenged instructions accurately reflected the substance of the charged offense. *See United States v. Feola*, 420 U.S. 671, 684, 95 S.Ct. 1255, 43 L.Ed.2d 541 (1975) (holding that § 111 does not require proof that "the assailant be aware that his victim is a federal officer").

Instructions 12–13 outline Gettings's reasonable force defense. A defendant's ignorance of the victim's federal employment status is relevant to the elements of § 111 where "an officer fails to identify himself or his purpose ... [and the officer's conduct] might reasonably be interpreted as the unlawful use of force directed either at the defendant or his property." *Feola*, 420 U.S. at 686. "In a situation of that kind, one might be justi-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Gettings also objects to Instruction 18, which states that Gettings "is not on trial for any conduct, offense, or activity not charged in the superceding indictment." Gettings, however, does not assign any specific error to Instruction 18, and the instruction appears to have been entirely appropriate.

fied in exerting an element of resistance."
*Id.* Accordingly, Instruction 12 directed
the jury to acquit Gettings if it found (1)
that Gettings was unaware that Wilson
was a census worker, and (2) that Get-
tings used only the amount of force
against Wilson reasonably necessary to
remove her from his property.

■ Gettings contends that Instruction
13 rendered Instruction 12 ineffective. In-
struction 13 states that a census worker
"has the right to enter private land for the
purpose of collecting statistics with respect
to the census, and is not a trespasser when
she does so." We discern no error. Read
together, Instructions 12 and 13 clarify to
the jury that Gettings was privileged to
use reasonable force to eject Wilson from
his premises if, and only if, he was un-
aware that she was a federal census em-
ployee.

■ The challenged jury instructions
accurately set forth all elements of both
the charged offense and Gettings's affir-
mative defense. Gettings's contention that
the instructions permitted the jury to con-
vict him based on a theory of simple crimi-
nal assault is not supported by the record.
Similarly, we reject Gettings's contention
that the jury instructions deprived the dis-
trict court of subject matter jurisdiction.
The jury instructions clearly described the
elements of a violation of 18 U.S.C. § 111,
a federal offense. *See* 18 U.S.C. § 3231
("The district courts of the United States
shall have original jurisdiction, exclusive of
the courts of the States, of all offenses
against the laws of the United States.").

■ Finally, Gettings assigns error to
the district court's decision to admit opin-
ion testimony from Gettings's neighbors as
to Gettings's character for untruthfulness.
Opinion testimony about a testifying de-
fendant's character for untruthfulness is
generally admissible. *See United States v.*

*Pacione,* 950 F.2d 1348, 1354 (7th Cir.
1991); *United States v. Lollar,* 606 F.2d
587, 588 (5th Cir.1979). Here, the proba-
tive value of the testimony was not sub-
stantially outweighed by the possibility of
unfair prejudice. Gettings's credibility
was a key issue at trial because he and
Wilson gave quite differing accounts of
their encounter. Although Gettings's
neighbors did not know Gettings intimate-
ly, they had interacted with him on several
occasions. Both witnesses told the court
that they had developed a specific opinion
about Gettings's character as a result of
these interactions. The neighbors' percep-
tions that Gettings was an untruthful per-
son were, therefore, probative of whether
Gettings would lie on the stand. Any prej-
udice to Gettings could likely have been
cured on cross-examination. *See Lollar,*
606 F.2d at 589 (noting that "cross-exami-
nation can be expected to expose defects of
lack of familiarity ... or to existence of
feelings of personal hostility towards the
principal witness").

AFFIRMED.