STATE OF NORTH CAROLINA v. ALVARO D. VALDEZ HERNENDEZ

No. COA06-979

(Filed 3 July 2007)

**1. Appeal and Error— preservation of issues—excluded evidence**

Defendant properly preserved for appellate review the question of whether the trial court erred by refusing to allow certain testimony where the trial court granted the State's motion in limine and defendant requested at trial voir dire examination of the challenged witnesses and made offers of proof.

**2. Evidence— character—truthfulness—testimony—foundation**

The trial court abused its discretion in a prosecution for rape and other offenses by excluding the opinion testimony of three witnesses about the complainant's character for truthfulness. The exclusion of testimony was prejudicial because the complaining witness did not report the alleged rape until two weeks later, and there was little or no physical or medical evidence in the case.

Appeal by Defendant from judgment entered 18 January 2006 by Judge Steve A. Balog in Superior Court, Orange County. Heard in the Court of Appeals 19 March 2007.

*Attorney General Roy Cooper, by Special Deputy Attorney General Dorothy Powers, for the State.*

*Roberti, Wittenberg, Lauffer & Wicker, by R. David Wicker, Jr., for the defendant-appellant.*

WYNN, Judge.

The proper foundation for the admission of opinion testimony as to a witness's character for truthfulness or untruthfulness is personal knowledge.[1] Here, Defendant argues that the trial court erred by refusing to allow the opinion testimony of three defense witnesses. Because Defendant established that the witnesses had personal knowledge of the complaining witness, the trial court prejudicially

---

1. *State v. Morrison*, 84 N.C. App. 41, 48-49, 351 S.E.2d 810, 814-15, *cert. denied*, 319 N.C. 408, 354 S.E.2d 724 (1987); *see also* N.C. Gen. Stat. § 8C-1, Rules 405(a) and 608(a) (2005); *State v. Oliver*, 85 N.C. App. 1, 23, 354 S.E.2d 527, 540, *disc. review denied*, 320 N.C. 174, 358 S.E.2d 64 (1987).

erred by excluding their opinions regarding the complaining witness's character for truthfulness or untruthfulness.

On 18 January 2006, Defendant Alvaro De Jesus Valdez Hernendez[2] was found guilty of second-degree rape, assault on a female, communicating threats, injury to personal property, harassing phone calls, and interfering with telephone lines, in charges stemming from an alleged attack on the complaining witness in the early morning hours of 5 November 2004. Defendant and the complaining witness had previously had what was characterized as a "stormy" romantic relationship from 1991 until February 2003, when Defendant moved out of the apartment they shared together in Carrboro, in Chatham County. The complaining witness had a domestic violence protective order against Defendant from April 2003 until April 2004.

According to Defendant's testimony at trial, he and the complaining witness resumed their romantic relationship in either September or October 2004. He testified that he and the complaining witness had plans to meet after she was finished with work on the evening of 4 November 2004; however, she testified that he showed up at her apartment and pushed his way inside without permission. Defendant stated that they had consensual sex that night, whereas the complaining witness asserted that he had raped her. Two and a half weeks later, on 22 November 2004, the complaining witness called the Chapel Hill Police Department; the next day, she went to the station and reported the alleged rape to two officers there. Defendant contends that the complaining witness reported the alleged rape after she became angry with him when she saw him kiss his new girlfriend, and that she had threatened him.

At trial, the trial court granted the State's motion *in limine* to exclude "any witness, evidence, testimony or argument regarding any prior domestic incidents between the victim and the Defendant that arose in Chatham County, North Carolina prior to 1998." After the complaining witness testified and at the close of the State's evidence, Defendant called as his first witness Sergeant James Bowden of the Siler City Police Department. Sergeant Bowden testified that he had spoken to or dealt with the complaining witness "more than half a dozen times" and then recounted an incident from March 2003 in which the complaining witness had allegedly

2. We note that the judgment from which Defendant appeals, as well as the warrant for his arrest, cites his last name as "Hernendez," whereas a number of other documents in the record, including the indictments, have his last name as "Hernandez."

harassed Defendant and his girlfriend during a soccer game at a local park. Defense counsel then began to question Sergeant Bowden as to his opinion of the complaining witness's "character with regard to truthfulness or untruthfulness[.]"

At that point, the prosecutor objected, and the trial court excused the jury. The trial court then "indicated that [he] had sustained the objection because [he] did not believe that a foundation has been laid for this officer to be allowed to express an opinion about [the complaining witness's] character of truthfulness." Defense counsel responded that it was not his intention to ask about specific instances, which would violate the trial court's prior grant of the State's motion *in limine*, or to inquire as to the complaining witness's reputation. Rather, defense counsel stated that Sergeant Bowden and another defense witness, Sergeant Mark Gonzalez of the Siler City Police Department, had previously had sufficient contact with the complaining witness to form an opinion as to her character for truthfulness. The trial court then agreed to a *voir dire* examination of both Sergeants Bowden and Gonzalez, as well as a third witness, court interpreter Mitch Million, for defense counsel to make an offer of proof of a proper foundation for their opinions as to the complaining witness's character for truthfulness.

Each individual testified to contact on numerous occasions with the complaining witness, and their opinions that she was not truthful. Sergeant Bowden stated that he "had an opportunity to speak with or deal with [the complaining witness]" "more than half a dozen times," "over numerous years," and that he had formed the opinion that "she was not being truthful" on those occasions. Sergeant Gonzalez likewise testified that he had met the complaining witness on "numerous occasions" over "multiple years," during which encounters he had communicated with her in Spanish, her native language, and that he had formed the opinion that "she was making untruthful statements." Mr. Million stated that he had "seen [the complaining witness] in court over a half dozen times, between six and a dozen times" during his service as a court interpreter, and had also seen her on "numerous occasions" at the community college where he taught. Through those encounters, Mr. Million had formed the opinion that the complaining witness had a character for untruthfulness. Mr. Million also testified that he had been called by the trial court to interpret in the instant case, but "because of [his] experiences with [the complaining witness] in the past," he had recused himself since he "knew that [he] could not be impartial because of her credibility."

STATE v. HERNENDEZ

[184 N.C. App. 344 (2007)]

At the conclusion of the *voir dire* examinations, the trial court again sustained the prosecutor's objections, stating that "the foundation offered is too equivocal to allow [Sergeant Bowden] to give his opinion[,]" that "there is simply nothing to establish that what she said is not truthful[,]" and that "[t]he foundation offered is not sufficient to give [Sergeants Bowden and Gonzalez] a basis on which to give this jury an opinion of the character for truthfulness of [the complaining witness[.]" The trial court further added that he believed Mr. Million's testimony to be "so far beyond the bounds . . . of permissible opinion testimony about somebody's character for truthfulness as to be ludicrous that it's offered[]" because its admission would allow "anybody who comes to court and sits and listens to testimony [to] make a decision about whether they believe somebody or not and then be able to come into court to testify about their character for truthfulness."

The trial court concluded that "in all of the testimony, there is nothing definitive to prove that [the complaining witness] ever told an untruthfulness to these officers or Mr. Million[,]" and, as such, "there is absolutely no foundation to allow testimony by these witnesses as to this witness' character for truthfulness, and the objections are sustained." The jury therefore did not hear any testimony from Sergeant Gonzalez and Mr. Million and heard Sergeant Bowden's testimony only as to the March 2003 incident at the soccer field. Following the jury's verdict of guilty of second-degree rape, assault on a female, communicating threats, injury to personal property, harassing phone calls, and interfering with telephone lines, the trial court entered judgment and sentenced Defendant to a minimum term of ninety-six months and a maximum term of one hundred twenty-five months in prison.

Defendant appeals, arguing several issues. However, we find it dispositive that the trial court erred by refusing to allow the testimony of three defense witnesses concerning their opinions of the complaining witness's character for truthfulness.[3]

[1] 3. We note that Defendant properly preserved this issue for our review. At the outset of the case, the trial court granted the State's motion *in limine* as to "any prior domestic incidents between the victim and the Defendant that arose in Chatham County, North Carolina prior to 1998." During the presentation of his evidence to the jury, Defendant requested *voir dire* examination of the challenged witnesses and made offers of proof of the testimony he sought to have admitted into evidence. Accordingly, we find Defendant sufficiently preserved the trial court's ruling on the motion *in limine* for appellate review. *See State v. Tutt*, 171 N.C. App. 518, 520, 615 S.E.2d 688, 690 (2005) (noting that an objection to the granting or denying of a motion *in limine* is

**[2]**  We review a trial court's rulings on motions *in limine* and on the admission of evidence for an abuse of discretion. *State v. Ruof*, 296 N.C. 623, 628, 252 S.E.2d 720, 724 (1979); *State v. Boston*, 165 N.C. App. 214, 218, 598 S.E.2d 163, 166 (2004). This Court will find an abuse of discretion only where a trial court's ruling "is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Campbell*, 359 N.C. 644, 673, 617 S.E.2d 1, 19 (2005) (citation and quotation omitted), *cert. denied*, 126 S. Ct. 1773, 164 L. Ed. 2d 523 (2006).

Under the North Carolina Rules of Evidence, "[t]he credibility of a witness may be attacked or supported by evidence in the form of reputation or *opinion* as provided in Rule 405(a)" but such evidence "may refer only to character for truthfulness or untruthfulness[.]" N.C. Gen. Stat. § 8C-1, Rule 608(a) (2005) (emphasis added). Rule 405(a) provides that "[i]n all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation *or by testimony in the form of an opinion.*" N.C. Gen. Stat. § 8C-1, Rule 405(a) (2005) (emphasis added). Inquiry as to specific instances of conduct illustrating that character is allowed only on cross examination. *Id.* Thus, opinion and reputation evidence are admissible as evidence pertaining to a witness's credibility. *State v. Oliver*, 85 N.C. App. 1, 22, 354 S.E.2d 527, 539, *disc. review denied*, 320 N.C. 174, 358 S.E.2d 64 (1987).

Soon after Rule 608(a) was first adopted in North Carolina, this Court quoted the following language with approval when considering the difference between reputation and opinion evidence:

> That opinion testimony does not require the foundation of reputation testimony follows from an analysis of the nature of the evidence involved. The reputation witness must have sufficient acquaintance with the principal witness and his community in order to ensure that the testimony adequately reflects the community's assessment. . . . In contrast, opinion testimony is a *personal assessment* of character. The opinion witness is not relating community feelings, the testimony is *solely the impeachment witness' own impression of an individual's character for truthfulness*. Hence, a foundation of long acquaintance is not required for opinion testimony. Of course, the opinion witness must testify from personal knowledge. . . . But once that basis

insufficient to preserve for appeal the question of the admissibility of the evidence, without further objection at the time the evidence is offered).

is established the witness should be allowed to state his opinion, "cross-examination can be expected to expose defects."

*State v. Morrison,* 84 N.C. App. 41, 48-49, 351 S.E.2d 810, 814-15 (quoting *United States v. Watson,* 669 F.2d 1374 (11th Cir. 1982)) (internal citations omitted) (emphasis added), *cert. denied,* 319 N.C. 408, 354 S.E.2d 724 (1987). We further noted that, with respect to laying a foundation for opinion evidence regarding a witness's character for truthfulness or untruthfulness,

> The rule imposes no prerequisite conditioned upon long acquaintance or recent information about the witness; cross-examination can be expected to expose defects of lack of familiarity and to reveal reliance on isolated or irrelevant instances of misconduct or the existence of feelings of personal hostility towards the principal witness.

*Id.* at 48, 351 S.E.2d at 815 (quoting *United States v. Lollar,* 606 F.2d 587 (5th Cir. 1979)). Accordingly, we held that the proper foundation for the admission of opinion testimony as to a witness's character for truthfulness is personal knowledge. *Id.*; *see also Oliver,* 85 N.C. App. at 23, 354 S.E.2d at 540 ("There must be a proper foundation laid for the admission of opinion testimony as to another's character for truthfulness. That foundation is personal knowledge.").

In the instant case, the trial court excluded the testimony of defense witnesses Sergeants Bowden and Gonzalez and Mr. Million because "there is nothing definitive to prove that [the complaining witness] ever told an untruthfulness" to the witnesses, and, as such, "there is absolutely no foundation to allow testimony by these witnesses as to this witness' character for truthfulness[.]" Under North Carolina law, however, such a foundation is not required for opinion testimony as to a witness's character for truthfulness or untruthfulness, nor must a witness be shown to have been untruthful on a particular occasion in order to allow such testimony. Rather, Defendant needed to show only that each of the three witnesses had personal knowledge of the complaining witness and that the three had consequently formed an opinion as to her character for truthfulness or untruthfulness.

Based on the transcript of the *voir dire* examinations and offers of proof made by Defendant, we find that Defendant did establish such a foundation. The three witnesses testified to having personal knowledge of the complaining witness and to having formed an opin-

ion as to her character for untruthfulness. As such, we conclude that the exclusion of the opinion testimony of these witnesses was error. *See also Holt v. Williamson*, 125 N.C. App. 305, 314, 481 S.E.2d 307, 314 (noting that "the veracity of any witness may be attacked by opinion testimony as to the character of that witness for truthfulness" and allowing "brief details concerning the relationship of each [of three witnesses with plaintiff] . . . to establish a foundation as to their knowledge of [plaintiff]"), *disc. review denied*, 346 N.C. 178, 486 S.E.2d 204 (1997); *Morrison*, 84 N.C. App. at 49, 351 S.E.2d at 815 (holding that the trial court's exclusion of opinion testimony for failure to meet a requirement for foundation was error).

Having concluded that the trial court committed error by disallowing the testimony of Sergeants Bowden and Gonzalez and Mr. Million, we turn now to the question of whether such error was prejudicial, warranting a new trial. Under N.C. Gen. Stat. § 15A-1443(a):

A defendant is prejudiced by errors relating to rights arising other than under the Constitution of the United States when there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises. The burden of showing such prejudice under this subsection is upon the defendant.

N.C. Gen. Stat. § 15A-1443(a) (2005).

The record reflects that the State's case against Defendant rested almost exclusively on the complaining witness's testimony against him. Because the complaining witness did not report the alleged rape until over two weeks after the night in question, and Defendant admitted to having sexual intercourse with her, albeit claiming it was consensual, there was little or no physical or medical evidence at issue in the case, and it largely came down to a "he said, she said" situation. Thus, the credibility of the complaining witness was of significant probative value, not only for purposes of the impeachment of her testimony, but of the underlying case as a whole.

Given the "he said, she said" nature of this case, testimony by three defense witnesses—two of whom were police officers—that the complaining witness had a character for untruthfulness would likely have had some kind of impact on the weight the jury gave to her testimony. We find that there is "a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial[.]"

Because we conclude that the trial court's granting of the State's motion *in limine* and subsequent evidentiary ruling to disallow the testimony of these key defense witnesses were sufficiently prejudicial to warrant a new trial for Defendant, we decline to address the remainder of his arguments to this Court on appeal.

New trial.

Chief Judge MARTIN and Judge GEER concur.